J-S66015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EUGENE HOWARD RAINEY, | |
| Appellant | No. 915 MDA 2014 |

Appeal from the PCRA Order Entered May 1, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001994-2008

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:              **FILED OCTOBER 22, 2014**

Appellant, Eugene Howard Rainey, appeals from the court's May 1, 2014 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In March of 2009, Appellant was convicted by a jury of third-degree murder and conspiracy to commit aggravated assault with a deadly weapon based on his shooting and killing of Dion Williams.  On April 13, 2009, Appellant was sentenced to 20 to 40 years' incarceration.  He filed a timely notice of appeal and this Court affirmed his judgment of sentence on October 19, 2010.  ***Commonwealth v. Rainey***, 15 A.3d 533 (Pa. Super. 2010) (unpublished memorandum).  Appellant did not file a petition for allowance of appeal with our Supreme Court and, therefore, his judgment of sentence became final on November 19, 2010.

Appellant filed a timely *pro se* PCRA petition on March 18, 2011, and counsel was appointed. A hearing was conducted on May 16, 2011, after which the court denied Appellant's petition. Appellant timely appealed and we affirmed the order denying his petition on April 9, 2012. ***Commonwealth v. Rainey***, 48 A.3d 471 (Pa. Super. 2012) (unpublished memorandum). During the pendency of that appeal, however, Appellant filed with this Court a petition for remand, alleging that he discovered new evidence in his case. While this Court denied his petition for remand, we did so without prejudice to Appellant's ability to raise that newly-discovered evidence claim in a subsequent petition.

Appellant filed such a petition on November 12, 2012, raising his claim of new evidence. Specifically, Appellant alleged that three eyewitnesses to the shooting were willing to testify that they saw the shooter and it was not Appellant. Counsel was appointed and a PCRA hearing was held on February 28, 2013, before the Honorable John H. Chronister. Appellant's three eyewitnesses testified at that hearing. On April 17, 2013, Judge Chronister issued an order denying Appellant's petition, concluding that none of the three witnesses were credible. Appellant filed a timely notice of appeal, and was represented on appeal by George Margetas, Esq. On December 24, 2013, this Court affirmed. ***Commonwealth v. Rainey***, 93 A.3d 519 (Pa. Super. 2013) (unpublished memorandum).

Appellant filed a third *pro se* PCRA petition on January 15, 2014. Therein, Appellant argued that Attorney Margetas acted ineffectively in

representing him on appeal from the denial of his November 12, 2012 petition. Specifically, Appellant alleged that Attorney Margetas erred by only challenging Judge Chronister's credibility determination regarding one of the three eyewitnesses produced by Appellant. On May 1, 2014, the PCRA court denied Appellant's petition. Appellant filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Herein, he raises one question for our review:

> I. Did the PCRA court err in dismissing [] Appellant's request for Post Conviction Collateral Relief wherein [] Appellant's prior counsel failed to file all relevant issues on appeal?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

After careful review of the record, we conclude that we are without jurisdiction to address the merits of Appellant's ineffectiveness claim. While neither Appellant, the Commonwealth, or the PCRA court acknowledge the untimeliness of Appellant's petition, the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the

merits of a petition.[1]  ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267

(Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may

not be altered or disregarded to address the merits of the petition);

***Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002)

(holding the Superior Court lacks jurisdiction to reach merits of an appeal

from an untimely PCRA petition).  Under the PCRA, any petition for post-

conviction relief, including a second or subsequent one, must be filed within

one year of the date the judgment of sentence becomes final, unless one of

the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That

section states, in relevant part:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second
> or subsequent petition, shall be filed within one year of the
> date the judgment becomes final, unless the petition
> alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the
> > result of interference by government officials with
> > the presentation of the claim in violation of the

---

[1] The parties' and court's failure to acknowledge the untimeliness of the present petition may have stemmed from this Court's consideration of Appellant's appeal from the denial of his facially untimely November 12, 2012 petition.  It appears that the PCRA court and this Court essentially treated that petition as an extension of Appellant's timely-filed March 18, 2011 PCRA petition, and did not require Appellant to prove the applicability of a section 9545(b)(1) exception.  However, our decision to handle Appellant's November 12, 2012 petition in this fashion did not alter the date on which Appellant's judgment of sentence became final.  Thus, it has no impact on the timeliness of the instant, separately filed PCRA petition.

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on October 19, 2010, and thus, he had until October 19, 2011, to file a timely petition. Consequently, his January 15, 2014 petition is patently untimely. In that document, Appellant did not assert the applicability of any of the above-stated exceptions to the PCRA's timeliness requirement. Instead, he only argued that Attorney Margetas acted ineffectively in representing him on appeal from the denial of his November 12, 2012 PCRA petition. Appellant reiterates that sole argument on appeal to this Court. However, our Supreme Court has stated that "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Commonwealth v. Morris*, 822 A.2d 684, 694-95 (Pa. 2003) (citation omitted).

Because Appellant did not plead and prove that his current petition satisfies an exception to the PCRA's one-year time-bar, we are without

- 5 -

jurisdiction to address the merits of his ineffectiveness claim. Accordingly, the PCRA court did not err in denying Appellant's petition.[2]

Order affirmed.

Judge Musmanno joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/22/2014</u>

---

[2] While the PCRA court assessed the underlying merits of Appellant's ineffectiveness claim and denied his petition on that basis, "[i]t is well-settled … that we may affirm the PCRA court's decision on any basis." **Commonwealth v. Williams**, 977 A.2d 1174, 1177 (Pa. Super. 2009) (citing **Commonwealth v. McCulligan**, 905 A.2d 983, 988 (Pa. Super. 2006)).