J-S68027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENEA LANGSTON | |
| Appellant | No. 166 EDA 2014 |

Appeal from the PCRA Order December 13, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1101532-2001

BEFORE:  ALLEN, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 19, 2014**

Denea Langston ("Appellant") appeals from the order dismissing her petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm.

The PCRA court summarized the facts underlying Appellant's convictions as follows:

> The convictions arose from [Appellant's] and [her co-defendant's] participation in fraudulent real estate transactions involving fourteen Philadelphia area properties.  [Appellant] and [her co-defendant] forged deeds and falsified loan documents and related correspondence to attempt to secure mortgages and coerce the victims to enter into a business relationship for the purchase of land not their own [and] renovation of said properties for future return of capital in resale.

---

[1] 42 Pa.C.S. §§ 9541-9546.

PCRA Court Pa.R.A.P. 1925(a) Opinion, April 14, 2014, pp. 1-2.

On May 6, 2004, a jury convicted Appellant of theft (3 counts),[2] forgery (14 counts),[3] and criminal conspiracy.[4] On September 14, 2004, the trial court sentenced Appellant to an aggregate of 28 to 56 months' imprisonment on the forgery convictions and 5 years' probation on the conspiracy conviction.[5] The court further ordered Appellant to pay $14,000.00 in restitution. This was an obligation imposed jointly and severally with her co-defendant.

Appellant appealed her convictions, and the Commonwealth cross-appealed the restitution order. On September 21, 2006, this Court affirmed Appellant's convictions and remanded the matter for the trial court to determine the proper restitution amount. On May 20, 2009, the trial court ordered Appellant and her co-defendant to pay the victims restitution aggregating $95,000.00.

---

[2] One count of theft by unlawful taking or disposition, 18 Pa.C.S. § 3921; one count of theft by deception, 18 Pa.C.S. § 3922; one count of theft by failure to make required deposition of funds received, 18 Pa.C.S. § 3927.

[3] 18 Pa.C.S. § 4101.

[4] 18 Pa.C.S. § 903.

[5] The theft convictions merged for sentencing purposes.

On June 15, 2010, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed a ***Turner/Finley***[6] no merit letter on July 15, 2011. Counsel subsequently withdrew the ***Turner/Finley*** letter and filed an amended PCRA petition on October 11, 2013. The Commonwealth responded by filing a motion to dismiss the PCRA petition on December 10, 2013. The PCRA court dismissed the petition without a hearing on December 13, 2013.[7] This timely appeal followed.[8]

Appellant raises the following question for our review:

> I. Did the Honorable PCRA Court err when it dismissed [Appellant's] Amended PCRA Petition without holding a hearing, even though [Appellant] properly pled, and would have been able to prove, that she was entitled to PCRA relief where trial counsel was ineffective for failing to file a motion to preclude the use of certain tape recordings, as the Wire Tap Act prohibits the taping of telephone conversations without the consent of all parties to the conversation and where said evidence was introduced and was integral to [Appellant's] conviction?

Appellant's Brief, p. 3.

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA

---

[6] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

[7] The Philadelphia Court of Common Pleas docket indicates Appellant waived the formal filing of a Pa.R.Crim.P. 907 notice of intent to dismiss in open court on December 13, 2013. ***See*** Docket, CP-51-CR-1101532-2001, p. 25.

[8] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

Initially, to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. ***Commonwealth v. Soto***, 983 A.2d 212, 213 (Pa.Super.2009); ***see also Commonwealth v. Turner***, 80 A.3d 754, 765 (Pa.2013) ("due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence."). This is so even if the petitioner filed his PCRA petition during the pendency of his sentence. ***See Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa.Super.2009) ("As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.").

Here, the trial court sentenced Appellant to 28 to 56 months' incarceration followed by 5 years' probation on September 14, 2004. Therefore, even without accounting for any credit to which Appellant may have been entitled for any time served prior to sentencing, Appellant's

sentence ended on May 14, 2014.[9]   As a result, Appellant is no longer eligible for PCRA relief, regardless of the fact that she initially filed her *pro se* PCRA petition during the pendency of her sentence in June 2010.   **See Williams**, **supra**.   Accordingly, we affirm the PCRA court's order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2014

_____

[9] Nothing in Appellant's filings, the PCRA court summary, or the docket of the underlying matter indicate or suggest that the sentence was modified at any time beyond the imposition of the new restitution amount following this Court's remand as discussed **supra**.