J-S17013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PETER J. BUTLER | |
| Appellant | No. 760 WDA 2015 |

Appeal from the PCRA Order April 21, 2015
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000617-2008;
CP-16-CR-0000625-2008

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED MARCH 1, 2016**

Appellant, Peter J. Butler, appeals *pro se* from the order entered in the Clarion County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On January 21, 2009, Appellant pled guilty to two counts of possession of a controlled substance with the intent to deliver ("PWID").  The court sentenced him on February 25, 2009, to an aggregate term of 2½-5 years' imprisonment.  Appellant did not pursue direct review.  On March 5, 2015, Appellant filed the current PCRA petition *pro se*.  The court appointed counsel on March 10, 2015, who filed a petition to withdraw on March 25, 2015, along with a "no-merit" letter per *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  The court issued appropriate notice per

_____

*Former Justice specially assigned to the Superior Court.

Pa.R.Crim.P. 907 on March 27, 2015, and granted counsel's petition to withdraw. On April 16, 2015, Appellant responded *pro se*. The court denied PCRA relief on April 21, 2015.[1] Appellant timely filed a *pro se* notice of appeal on May 7, 2015.[2] That day, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b). Appellant did not comply.

Preliminarily, a PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole **for the conviction at issue** to be eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). ***See also Commonwealth v. Williams***, 977 A.2d 1174 (Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010) (explaining petitioner must be serving sentence of imprisonment, probation, or parole for crime at issue to be eligible for PCRA relief; when sentence is completed, petitioner becomes ineligible for PCRA relief, regardless of whether he was serving his sentence when he filed petition). Instantly, the court sentenced Appellant on February 25, 2009, to an aggregate term of 2½-5 years' imprisonment. Appellant is still in prison, but the record suggests Appellant's current

---

[1] The court initially denied PCRA relief on April 17, 2015, prior to receiving Appellant's *pro se* response to Rule 907 notice. The court entered a second order denying PCRA relief on April 21, 2015, after receipt and review of Appellant's *pro se* filing.

[2] Appellant's notice of appeal inadvertently listed the order appealed from as entered May 4, 2015. The docket does not reveal any court order of May 4, 2015, and it is clear from the record Appellant meant to appeal the court's April 21, 2015 denial of PCRA relief.

incarceration is for unrelated crimes. Specifically, the record contains a letter from the Board of Probation and Parole explaining Appellant had an interview scheduled for May 2012, regarding eligibility for parole. The letter further indicates that the Board's practice is to schedule such interviews four months before expiration of the inmate's minimum sentence. Thus, in May 2012, Appellant would have already served approximately 2 years and 2 months of his sentence. By this calculation, Appellant would have maxed out on his PWID sentences around March 2015. Therefore, Appellant is arguably ineligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); ***Williams, supra***. Moreover, even if Appellant is still serving his sentence, his claims on appeal are waived because Appellant failed to comply with the court's May 7, 2015 order, directing him to file a concise statement.[3] ***See Commonwealth v. Castillo***, 585 Pa. 395, 888 A.2d 775 (2005) (holding appellants must comply whenever trial court orders them to file Rule 1925(b) statement; any issues not raised in concise statement will be deemed waived). Thus, we affirm the court's denial of PCRA relief.

Order affirmed.

_____

[3] Appellant's "brief" on appeal also fails to include the necessary statement of jurisdiction, relevant scope and standard of review, statement of questions involved, statement of the case, summary of the argument, and omits citations to relevant authority to support his "argument" on appeal. *See* Pa.R.A.P. 2111(a) (discussing required content of appellate briefs).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  March 1, 2016