J-S51021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DALLAS RAY VAVRA | |
| Appellant | No. 1668 EDA 2013 |

Appeal from the PCRA Order May 3, 2013
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000809-2011

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

JUDGMENT ORDER BY LAZARUS, J.: **FILED JULY 22, 2016**

Dallas Ray Vavra appeals from the order of the Court of Common Pleas of Northampton County denying his petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA"). After our review, we affirm.

In 2010, Vavra was convicted of theft by failure to make required disposition of funds and receiving stolen property. He was sentenced to nine to 23 months' incarceration. This Court, on direct appeal, affirmed judgment of sentence. **Commonwealth v. Vavra**, 2087 EDA 2011 (Pa. Super. 2012) (unpublished memorandum). Vavra filed a timely PCRA petition, which was denied. On June 30, 2013, Vavra appealed that order. Thereafter, on July 17, 2013, Vavra filed a petition to remove counsel. On August 5, this Court

---

[*] Retired Senior Judge assigned to the Superior Court.

remanded the matter for a *Grazier*[1] hearing; the PCRA court held the hearing on September 16, 2013 and granted Vavra's petition. On March 7, 2014, this Court again remanded the matter, ordering the clerk of courts to provide Vavra with various transcripts and documents. Thereafter, on May 6, 2014 and July 18, 2014, this Court denied Vavra's motions for clarification. After receiving four extensions, Vavra filed his appellate brief on September 21, 2015.

Initially, to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. *Commonwealth v. Soto*, 983 A.2d 212, 213 (Pa. Super. 2009); *see also Commonwealth v. Turner*, 80 A.3d 754, 765 (Pa. 2013) ("due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence"). This is so even if the petitioner filed his PCRA petition during the pendency of his sentence. *See Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009) ("As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.").

---

[1] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Here, the court sentenced Vavra, in 2010, to nine to twenty-three months' incarceration for the conviction from which he now seeks relief. Vavra has completed his sentence and is therefore no longer eligible for PCRA relief. Accordingly, we affirm the PCRA court's order denying Vavra's PCRA petition.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016

---

[2] We note that Vavra has been prohibited from submitting "any additional filings for relief" in this appeal as well as two other pending appeals, 2756 EDA 2013 and 404 EDA 2016, without prior permission from this Court. *See* Order, 2756 EDA 2013, filed 5/10/2016.