J. S21018/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE MICHAEL OWENS, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1054 WDA 2016 |

Appeal from the PCRA Order July 12, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000920-2015

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY DUBOW, J.:                     **FILED MARCH 27, 2017**

Appellant, Lawrence Michael Owens, appeals *pro se*[1] from the PCRA

Court's July 12, 2016 Order dismissing his first Petition filed under the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.   After careful

review, we affirm.

On November 10, 2015, Appellant entered a *nolo contendere* plea to

one count of Promotion of a Tough Guy Contest in violation of 5 Pa.C.S. §

1701.   The trial court sentenced Appellant to one year of unsupervised

probation, with credit for time served from June 18, 2015.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] On May 31, 2016, and again on October 21, 2016, Appellant waived his
right to counsel and elected to proceed *pro se* at hearings held pursuant to
***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Appellant filed a timely PCRA petition, which the PCRA court dismissed on July 12, 2016, finding that Appellant had completed his sentence in the instant case and is, therefore, no longer eligible for PCRA relief. **See** Trial Court Opinion, filed 11/18/16, at 1, 3. Appellant filed a timely Notice of Appeal to this Court.

On appeal, Appellant raises the following four issues, *verbatim*:

1. Must the government concede that it misrepresented by not providing Appellant with requested Legislative intent while he was incarcerated[?]

2. Must the government concede that it misrepresented it's policy of the discovery packet, for *pro-se* defendants is "egregiously impermissible conduct[?]"

3. Whether the government's above affirmative misrepresentation, also an ineffective assistance of counsel claim[?]

4. Did the lower court violate Appellant's due process rights, by running the clock out on his PCRA Petition and ruling it out of time[?]

Appellant's Brief at 8.

Initially, to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. **Commonwealth v. Soto**, 983 A.2d 212, 213 (Pa. Super. 2009); **see also Commonwealth v. Turner**, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving

a sentence."). This is so even if the petitioner filed his PCRA petition during the pendency of his sentence. ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009) ("As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.").

In the instant case, the trial court sentenced Appellant to one year of unsupervised probation on November 10, 2015, with credit for time served from June 18, 2015. His probation expired on June 18, 2016. Appellant has completed his sentence and is, therefore, ineligible for PCRA relief. Accordingly, we affirm the PCRA court's Order dismissing Appellant's PCRA Petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2017