**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Jeffrey WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 2009.
Filed July 2, 2009.

Jeffrey Williams, appellant, pro se.

Michael W. Streily, Deputy Dist. Atty., Amy E. Constantine, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellee.

BEFORE: STEVENS, DONOHUE, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

¶ 1 Appellant, Jeffrey Williams, files this *pro se* appeal from the order entered in the Allegheny County Court of Common Pleas, which dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We hold that an appellant who is required to submit to the reporting requirements of Section 9795.1 of Megan's Law II,[2] but has also completed a sentence of imprisonment and/or probation, is not eligible for relief under PCRA Section 9543(a)(1)(i). Accordingly, we affirm.

¶ 2 Appellant was convicted by a jury in 1991 of crimes relating to the kidnapping and assault of a minor. He was sentenced on September 17, 1991, to an aggregate sentence of five to twelve years' imprisonment. This Court affirmed his judgment of sentence. *Commonwealth v. Williams*, 626 A.2d 651 (Pa.Super.1993) (unpublished memorandum). Appellant did not petition for allowance of appeal with our Supreme Court.

¶ 3 Appellant filed a *pro se* PCRA petition in 1993. After appointed counsel filed an amended petition, the PCRA court denied relief. Appellant filed a notice of appeal, but later filed a *praecipe* for discontinuance, which was granted. He filed a second PCRA petition *pro se* in 1995, and appointed counsel filed an amended petition. The PCRA court dismissed this petition. Appellant filed a notice of appeal, but it appears that the Commonwealth and Appellant reached an agreement that he was entitled to relief because the appeal was discontinued and, soon thereafter, the PCRA court resentenced Appellant to a maximum term of five years' imprisonment, followed by four years' probation.[3] As a result of this new

---

* Former Justice specially assigned to the Superior Court.

1. 42 Pa.C.S. §§ 9541–9546.

2. 42 Pa.C.S. §§ 9791–9799.7.

3. According to both parties, the sentencing court miscalculated Appellant's prior record score.

sentence, Appellant was released from incarceration, and he has completed serving the newly imposed sentence.[4] However, as a result of his conviction for aggravated indecent assault,[5] he is subject to lifetime registration under Megan's Law II. *See* 42 Pa.C.S. § 9795.1(b)(2).

¶ 4 On July 12, 2007, Appellant filed the instant, *pro se,* PCRA petition.[6] In the petition, he alleged newly discovered evidence regarding allegedly inconsistent testimony by the victim in a 2007 trial. The PCRA court dismissed the petition without a hearing, finding Appellant's claim untimely raised. This timely appeal followed.

¶ 5 Before we address Appellant's claim, the Commonwealth avers that Appellant is no longer eligible for relief because he has completed serving his term of incarceration, and he is not serving a term of probation or parole. Appellant counters that because he is required to register under Megan's Law II, he is eligible for relief through the PCRA.

 ¶ 6 In *Commonwealth v. Hart,* 911 A.2d 939 (Pa.Super.2006), a panel of this Court noted:

> Our [S]upreme [C]ourt has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa. C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of

whether he was serving his sentence when he filed the petition. *Commonwealth v. Ahlborn,* 548 Pa. 544, 548, 699 A.2d 718, 720 (1997); *Commonwealth v. Matin,* 832 A.2d 1141, 1143 (Pa.Super.2003)[ ]. In addition, this court determined in *Commonwealth v. Fisher,* 703 A.2d 714 (Pa.Super.1997), that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence. *Id.* at 716 (citations omitted).

*Id.* at 941–42.

 ¶ 7 We find no merit to Appellant's claim that he is eligible for PCRA relief due to his registration requirements under Megan's Law II. Considering Appellant eligible for PCRA relief would require a finding that the Megan's Law II reporting requirements qualify as "a sentence of imprisonment, probation or parole for the crime." *See* 42 Pa.C.S. § 9543(a)(1)(i). However, as this Court has observed:

> The PCRA "is not intended to … provide relief from collateral consequences of a criminal conviction." 42 Pa.C.S.A. § 9542. The registration, notification, and counseling requirements for offenders under Megan's Law II **are not criminal punishment,** but represent non-punitive, regulatory measures designed to safeguard the public. *Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003).[7] In reliance on

---

4. Upon motion by the Commonwealth, the sentencing court clarified that the new sentence was one to five years' imprisonment, immediately followed by four years' probation. Appellant, therefore, also completed his term of probation at the time of his release.

5. 18 Pa.C.S. § 3125.

6. We note that on September 14, 2006, Appellant filed a petition for writ of error *coram nobis.* The docket does not reveal that the

trial court ruled on this petition. However, Appellant filed his notice of appeal only from the dismissal of his PCRA petition, not his *coram nobis* petition. We therefore address only those issues pertaining to his PCRA petition.

7. The Pennsylvania Supreme Court confirmed the *Williams* holding in *Commonwealth v. Maldonado,* 576 Pa. 101, 103–04, 838 A.2d 710, 711 (2003).

*Williams*, this Court has determined the registration, notification, and counseling requirements under Megan's Law II are collateral consequences of guilty plea convictions. *Commonwealth v. Benner*, 853 A.2d 1068, 1070 (Pa.Super.2004) (citing *Commonwealth v. Leidig*, 850 A.2d 743 (Pa.Super.2004)).

*Commonwealth v. Price*, 876 A.2d 988, 992 (Pa.Super.2005) (emphasis added).

¶ 8 The holding in *Price* pertained to the petitioner's desire to reverse his classification as a sexually violent predator, and therefore does not directly control this case, where Appellant instantly asserts that he may challenge his original conviction of aggravated indecent assault *via* his status as a Megan's Law II registrant. *See id.* at 994. Nonetheless, *Price* firmly establishes that the registration requirements of Megan's Law II are collateral consequences of his conviction, and therefore cannot be considered part of his sentence. *See id.* at 992. Because his registration requirement does not qualify as a sentence of incarceration, probation, or parole, pursuant to the mandates of *Ahlborn, Matin,* and *Hart,* we must conclude that Appellant can no longer seek relief under the PCRA. *See* 42 Pa.C.S. § 9543(a)(1)(i); *Hart, supra.* Accordingly, we hold that Appellant is not eligible for PCRA relief, despite the requirement that he register under Megan's Law II, because he is not serving a sentence of incarceration, probation, or parole.[8]

¶ 9 Order affirmed.

---

8. Appellant also claims that the Commonwealth waived its argument because it did not allege it in opposing his PCRA petition, and the PCRA court did not dismiss his petition on this basis. It is well-settled, however, that we may affirm the PCRA court's decision on any basis. *See Commonwealth v. McCulligan*, 905 A.2d 983, 988 (Pa.Super.2006).