J-S70007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARON ARKEE STRICKLAND | |
| Appellant | No. 1503 EDA 2014 |

Appeal from the PCRA Order April 30, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001305-2012

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:           **FILED DECEMBER 15, 2014**

Daron Arkee Strickland appeals from the order of the Court of Common Pleas of Northampton County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because Strickland is ineligible for relief under the PCRA, we affirm.

Strickland pled guilty to DUI-second offense[2] on June 28, 2013.  The court sentenced Strickland to 30 days' to six months' incarceration on September 20, 2013.  Strickland received a report date of September 30, 2013, as well as immediate work release.  His parole expired on March 30,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 75 Pa.C.S. § 3802(a)(1).

2014. On that same date, Strickland filed the instant PCRA petition, alleging ineffective assistance of counsel on various bases. The PCRA court dismissed Strickland's petition on April 30, 2014. This timely appeal followed.

A PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole for the conviction at issue to be eligible for PCRA relief. 42 Pa.C.S. § 9543(a)(1)(i). Instantly, nothing in the record indicates Strickland is still serving the sentence for the conviction at issue. Therefore, Strickland is ineligible for PCRA relief. *See Commonwealth v. Alhborn*, 699 A.2d 718 (Pa. 1997); *see also Commonwealth v. Turner*, 80 A.3d 754, 767 (Pa. 2013) (eligibility for relief under PCRA limited to those serving sentence); *see also Commonwealth v. Williams*, 977 A.2d 1174 (Pa. Super. 2009) (petitioner ineligible for PCRA relief once sentence completed, regardless of whether petitioner was serving sentence when he filed petition).

Even if Strickland were eligible for relief, his claim that section 9543(a)(1)(i) is unconstitutional because it denied him the opportunity to protect his reputation by challenging the constitutionality of his conviction, is without merit. An individual has no due process right to be heard outside of the time limits imposed by the PCRA. *Turner*, *supra*. This is true even where a defendant's short sentence may preclude him from seeking collateral review. *Id.*, at 766-67.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/15/2014</u>