J. S20009/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DOUGLASS WILLIAMS, | : | No. 367 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, February 13, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0009620-2009

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND WECHT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 09, 2015**

Appellant appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We dismiss this appeal.

This court summarized the factual background of this case during direct appeal:

> Appellant, his wife (the victim's mother), and the victim were living at 1108 Mella Street in Pittsburgh along with their son.  (Notes of testimony, 2/28/11 at 8.)  In the fall of 2009, when the victim was 12 years old, appellant would lift up her shirt, touch her breasts and pull on them in what he claimed was an attempt to make them larger.  Appellant told the victim, "[your breasts] are going to get bigger over time, just wait and see."  (***Id.*** at 10.)  The victim testified that appellant stated that this was something that people "did in the South."  (***Id.*** at 9.)  Appellant touched her breasts underneath the victim's clothing three to five times during this time period, and also touched her several more times on the top of her clothes.  (***Id.*** at 10.)  The victim

stated that in some instances appellant touched her over her clothing in the presence of her mother and brother, but explained that no one was present on the occasions when he fondled her breasts after having pulled up her shirt.

The victim explained that she became upset and insecure when appellant touched her breast. (*Id.* at 13, 21.) The victim explained that appellant's behavior stopped as a result of her mother catching him in the act and that it was not until that point that she realized what appellant had been doing to her was wrong. (*Id.* at 13-14, 23.) The victim was initially afraid to speak to authorities but eventually told a representative from CYF. (*Id.* at 13.)

The victim's mother corroborated the victim's version of events and testified that she had witnessed appellant touching the victim inappropriately. (*Id.* at 46.) "[Appellant] would start tickling but then he would touch her breasts." (*Id.*) "I physically saw a tickle turn into his hands on her breasts . . . over her clothing . . . at least twice." (*Id.* at 47.) The victim's mother instructed appellant not to touch their daughter, however, she testified that he "tried to just laugh as if it's just playful." (*Id.* at 47, 52-53.)

Appellant testified at trial and acknowledged touching the victim's breasts at times in the past but claimed that it only occurred "accidently" during "horseplay." (*Id.* at 82-83, 85-86.) Appellant also admitted that he made the statement about pulling on her breasts to make them grow, but averred that he was just "joking, kidding." (*Id.* at 87, 91-92.)

*Commonwealth v. Williams*, No. 544 WDA 2011, unpublished

memorandum at 1-3 (Pa.Super. filed June 5, 2012).

On February 28, 2011, appellant was convicted of one count of indecent assault of a person less than 13 years of age.[1]  Immediately thereafter, appellant was sentenced to three years' probation.[2]  On June 5, 2012, this court affirmed the judgment of sentence, and on February 14, 2013, our supreme court denied appeal.  *Commonwealth v. Williams*, 53 A.3d 924 (Pa.Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 777 (Pa. 2013).

On August 19, 2013, appellant filed the instant PCRA petition *pro se*.  Counsel was appointed, an amended petition was filed, and an evidentiary hearing was held on January 12, 2014.  At issue was the victim's recantation of her trial testimony.  The victim's mother also testified, reiterating her trial testimony.  Appellant's petition was denied by order entered February 13, 2014.  This timely appeal followed.

Appellant raises two issues on appeal:

> A.  The lower court abandoned its role as "impartial arbiter" and engage[d] in protracted examination of Williams's witnesses.
>
> B.  The lower court denied post-conviction relief based upon inadmissible and unsubstantiated evidence.

Appellant's brief at i.

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are

---

[1] 18 Pa.C.S.A. § 3126(a)(7).

[2] Appellant was also subject to ten years of reporting under Megan's Law.

> supported by the record and are free of legal error. ***Commonwealth v. Roney***, 622 Pa. 1, 79 A.3d 595, 603 (2013). The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a ***de novo*** standard of review to the PCRA court's legal conclusions. ***Id.***

***Commonwealth v. Watkins***, 108 A.3d 692, 701 (Pa. 2014).

We find we are no longer able to review appellant's issues. Even if we were to find error, we could not remand the case to the PCRA court for further resolution because appellant is no longer eligible for relief under the PCRA. The record indicates that appellant has completed serving his sentence. The sentencing order specifically states that appellant's three-year probationary term was to commence on February 28, 2011. Consequently, that sentence expired on February 28, 2014.

The PCRA requires that a defendant be currently serving or awaiting a sentence of death, imprisonment, probation, or parole in order to be eligible for relief. 42 Pa.C.S.A. § 9543(a)(1). Case law has further ruled that not only must a defendant be serving a sentence when the petition is filed, but also when the order is entered resolving the petition. ***Commonwealth v. Ahlborn***, 699 A.2d 718 (Pa. 1997). Finally, this court has held that the reporting requirements of Megan's Law are a collateral consequence of appellant's conviction and do not qualify as a sentence for purposes of PCRA eligibility. ***Commonwealth v. Williams***, 977 A.2d 1174, 1176-1177 (Pa.Super. 2009), ***appeal denied***, 990 A.2d 730 (Pa. 2010).

Accordingly, having found that appellant is no longer eligible for relief under the PCRA, we will dismiss this appeal.[3]

Appeal dismissed. Application to stay appeal and remand for an evidentiary hearing is denied. Motion seeking certificate of transmittal of the record is quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2015

---

[3] We note that there are two outstanding motions. On October 8, 2014, counsel for appellant filed an application to stay appeal and remand for an evidentiary hearing. Since the PCRA hearing, the victim's mother has also expressed a desire to recant her trial and PCRA testimony. We will decline to grant a new evidentiary hearing as this matter likewise can no longer be addressed. As for the other motion, it is a **pro se** motion filed on April 13, 2015, seeking a certificate of transmittal of the record. This motion will be dismissed under the rule prohibiting hybrid representation. **Commonwealth v. Padilla**, 80 A.3d 1238, 1259 (Pa. 2013), **cert. denied**, **Padilla v. Pennsylvania**, 134 S.Ct. 2725 (2014).