J-S90034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIK GUMMINGER | |
| Appellant | No. 2763 EDA 2015 |

Appeal from the PCRA Order August 24, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000835-2010

BEFORE:  OTT, J., SOLANO, J. AND JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 08, 2016**

Erik Gumminger ("Appellant") appeals from the August 24, 2015 order of the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm.

On June 22, 2011, Appellant entered a negotiated guilty plea to receiving stolen property[2] and criminal conspiracy[3] in the instant matter at Docket No. CP-51-CR-0000835-2010 ("the theft case").  Pursuant to the terms of the agreement, the trial court sentenced Appellant to two to five

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3925.

[3] 18 Pa.C.S. § 903.

years' incarceration. At the same June 22, 2011 proceeding, the trial court sentenced Appellant to a concurrent term of two to five years' incarceration on an unrelated drug case at Docket No. CP-51-CR-0007842-2010 ("the drug case").

On June 18, 2012, Appellant filed a single *pro se* PCRA petition in both the drug case and the theft case. Appellant claimed in this petition that his plea agreement was improper because it failed to properly account for credit due Appellant for time served, although he did not specify to which sentence the credit should apply. The PCRA court appointed counsel, who amended the PCRA petition and claimed Appellant was entitled to a new trial based on after-discovered evidence related to an ongoing investigation of the police officers involved in the drug case.[4]

Because Appellant's PCRA allegations concerned his convictions stemming from the drug case alone, the Commonwealth moved to dismiss the PCRA petition with respect to the theft case. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss, to which Appellant responded on July 2, 2015. The PCRA court dismissed the petition without a hearing on August 24, 2015.[5] On September 11, 2015, Appellant filed a timely notice

---

[4] The federal government later charged the police officers with robbery, falsification of records, RICO violations, and related crimes. The officers were later found not guilty of these charges in federal court.

[5] Also on August 24, 2015, the Commonwealth *nolle prossed* the drug case.

of appeal. Both Appellant and the Commonwealth complied with Pa.R.A.P. 1925.

Appellant raises the following questions for our review:

I. Whether the court erred in denying Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness[?]

II. Whether the court erred in not granting relief on the PCRA petition alleging Appellant's guilty plea was not entered knowingly, intelligently, and voluntarily[?]

Appellant's Brief, p. 9.

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

Initially, to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. *Commonwealth v. Soto*, 983 A.2d 212, 213 (Pa.Super.2009); *see also Commonwealth v. Turner*, 80 A.3d 754, 765 (Pa.2013) ("due process does not require the legislature to continue to provide collateral review when the offender is no longer serving

a sentence."). This is so even if the petitioner filed his PCRA petition during the pendency of his sentence. *See Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super.2009) ("As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.").

Here, the trial court sentenced Appellant in the theft case to two to five years' incarceration on June 22, 2011. Appellant's sentence ended in June 2016. As a result, Appellant is no longer eligible for PCRA relief, despite the fact he was serving his sentence when he filed his petition. *See Soto*, *supra*; *Williams*, *supra*. Accordingly, we affirm the PCRA court's order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2016