J-S90035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND C. WOODEN | |
| Appellant | No. 2971 EDA 2015 |

Appeal from the Judgment of Sentence July 9, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001024-2011

BEFORE:  OTT, J., SOLANO, J. AND JENKINS, J.

MEMORANDUM BY JENKINS, J.:                 **FILED DECEMBER 12, 2016**

Raymond C. Wooden ("Appellant") appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his negotiated guilty plea to simple assault.[1]  After careful review, we quash this appeal for the reasons that follow.

On July 9, 2012, Appellant pleaded guilty to simple assault as a misdemeanor of the second degree based on a 2010 sexual encounter with a sixteen-year-old female.[2]  The trial court sentenced Appellant to two years' probation on the same day.  Appellant filed a *pro se* motion to withdraw his

_____

[1] 18 Pa.C.S. § 2701.

[2] The Commonwealth *nolle prossed* three counts of rape, five counts of indecent assault, one count of sexual assault, and one count of simple assault.

guilty plea on July 18, 2012, however, the trial court docket does not list any disposition of this motion. *See* Docket No. CP-51-CR-0001024-2011, p. 12. Appellant did not file a direct appeal.

On October 4, 2013, in the midst of a series of continuances for a probation violation hearing based on new arrests/charges, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA").[3] Counsel entered an appearance for Appellant[4] and, on September 12, 2014, filed an amended PCRA petition alleging the trial court erred by not issuing an order disposing of Appellant's *pro se* motion to withdraw his guilty plea and depriving him of a direct appeal.

On September 25, 2014, the trial court commenced a probation violation hearing regarding Appellant's new arrests. On February 19, 2015, the Commonwealth filed a motion to dismiss the PCRA petition. On September 11, 2015, without resumption of the probation violation hearing, the court granted Appellant's PCRA petition and reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant filed a notice of appeal on September

---

[3] 42 Pa.C.S. § 9541, et seq.

[4] Both John J. McMahon, Jr., Esquire, and John P. Cotter, Esquire, entered appearances on Appellant's behalf. Attorney McMahon filed a motion to withdraw as counsel on January 27, 2015. On January 9, 2015, Appellant filed a motion to proceed *pro se*, which the trial court granted with Attorney Cotter as standby counsel.

15, 2015.[5]   Both Appellant and the lower court complied with Pa.R.A.P. 1925.

Appellant raises the following claim for our review:

I. Was it manifest injustice for the trial court not to grant [A]ppellant's motion to withdraw his guilty plea because the guilty plea was unknowing and involuntary?

Appellant's Brief, p. 2.

Before reaching the merits of Appellant's claim, we must determine whether this matter is properly before this Court.  To be initially eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]"  42 Pa.C.S. § 9543(a)(1)(i).  A petitioner who has completed his sentence is no longer eligible for post-conviction relief.  *Commonwealth v. Soto*, 983 A.2d 212, 213 (Pa.Super.2009); *see also Commonwealth v. Turner*, 80 A.3d 754, 765 (Pa.2013) ("due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence.").  This is so even if the petitioner filed his PCRA petition during the pendency of his sentence.  *See Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super.2009) ("As soon as his sentence is completed, the

---

[5] Attorney Cotter filed Appellant's notice of appeal and all subsequent appeal-related filings.

petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.").

Here, the trial court sentenced Appellant to two years' probation on July 9, 2012, for the simple assault conviction from which Appellant now seeks relief. Appellant's sentence ended in July 2014. As a result, Appellant was no longer serving his sentence and was therefore ineligible for PCRA relief when the trial court, then acting as the PCRA court, granted his PCRA petition on September 11, 2015. **See Soto**, **supra**. Therefore, the lower court's September 11, 2015 order purporting to grant Appellant's PCRA petition and reinstate his direct appeal *nunc pro tunc* had no legal effect. **See Commonwealth v. Morris**, 771 A.2d 721, 735 (Pa.2001) ("Where a court is without jurisdiction it is without power to act and thus, any order that it issues is null and void."). Accordingly, we quash the instant appeal. **See Commonwealth v. Spencer**, 496 A.2d 1156, 1160 (Pa.Super.1985) (noting that, because lower court order entered without jurisdiction was a legal nullity, appeal therefrom was equally a nullity requiring quashal).

Appeal quashed.

Judge Ott joins the memorandum.

Judge Solano concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/12/2016</u>