J. S91011/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GERALD CARROLL CLARK, JR., | : | No. 953 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 3, 2016,
in the Court of Common Pleas of Adams County
Criminal Division at No. CP-01-CR-0001003-2007

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:  **FILED DECEMBER 22, 2016**

Gerald Carroll Clark, Jr., appeals *pro se* from the June 3, 2016 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546, on the basis that he was ineligible for relief because he had completed serving his sentence.  After careful review, we affirm.[1]

Instantly, appellant was found guilty of failure to comply with registration of sexual offenders requirements[2] and sentenced to 30 days to

---

* Former Justice specially assigned to the Superior Court.

[1] The Commonwealth has indicated that it will not be filing an appellee brief in this matter and is relying on the rationale set forth in the PCRA court's August 23, 2016 Pa.R.A.P. 1925(a) opinion.  (**See** PCRA court opinion, 8/23/16 at 2-3.)

[2] 18 Pa.C.S.A. § 4915(a)(1).

one year of imprisonment, followed by one year of consecutive probation, on October 21, 2008. On December 8, 2009, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied allowance of appeal on November 17, 2010. *See Commonwealth v. Clark*, 990 A.2d 39 (Pa.Super. 2009), *appeal denied*, 13 A.3d 474 (Pa. 2010). On March 27, 2013, the trial court entered an order indicating that appellant had complied with all the terms of his probation and sentence. (Trial court order, 3/27/13.) Thus, the PCRA court found that, when appellant filed his *pro se* PCRA petition on April 7, 2016, he was no longer serving the sentence at the above docket number.

Appellant does not dispute this fact but, rather, attempts to raise substantive issues that are otherwise precluded by the PCRA court's lack of jurisdiction. (*See* appellant's brief at 3.) This court has long recognized that,

> to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.

*Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010) (case citations and internal quotation marks omitted). Additionally, we note that "[a]lthough it is axiomatic that a first-time PCRA petitioner is entitled to assistance of

counsel, regardless of whether or not the petition is timely on its face, the failure to appoint counsel is not reversible error where the petitioner's sentence has expired[,]" as is the case here. ***Commonwealth v. Hart***, 911 A.2d 939, 942 (Pa.Super. 2006).

Accordingly, we hold that the PCRA court correctly concluded that appellant was ineligible for relief and properly dismissed his petition on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2016