J-S37037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JASON ADAM LEE, | : | |
| | : | |
| Appellant | : | No. 1788 MDA 2016 |

Appeal from the Order entered September 30, 2016
in the Court of Common Pleas of Adams County,
Criminal Division, No(s): CP-01-CR-0000119-2000

BEFORE: STABILE, MOULTON and MUSMANNO, JJ.

JUDGMENT ORDER BY MUSMANNO, J.:                    **FILED JUNE 30, 2017**

Jason Adam Lee ("Lee") appeals, *pro se*, from the Order denying his third Petition filed pursuant to the Post Conviction Relief Act.[1] **See** 42 Pa.C.S.A. §§ 9541-9545. We affirm.

On January 22, 2001, Lee entered a negotiated guilty plea to involuntary deviate sexual intercourse. **See** 18 Pa.C.S.A. § 3123. On May 10, 2001, pursuant to the plea agreement, the trial court sentenced Lee to a term of two years to one day less than 5 years in prison, with credit for time served. Additionally, Lee is subject to lifetime registration under Megan's Law.

---

[1] Lee titled his Petition a "Petition for Writ of *Habeas Corpus*," which the PCRA court properly considered as his third PCRA Petition. **See** 42 Pa.C.S.A. § 9542 (providing that "[the PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose …, including *habeas corpus*….").

On September 26, 2016, Lee filed the instant, *pro se* PCRA Petition, his third, challenging the voluntariness of his guilty plea and the effectiveness of his plea counsel. The PCRA court denied Lee's third Petition, concluding that the court lacked jurisdiction to consider the Petition, and the matter had been previously litigated. This timely appeal followed.

In order to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i); *see also Commonwealth v. Williams*, 977 A.2d 1174, 1177 (Pa. Super. 2009) (holding that Megan's Law registration requirement, as a collateral consequence of an appellant's convictions, does not provide a jurisdictional basis for PCRA relief, where appellant is no longer serving the underlying sentence). Here, while Lee is subject to lifetime registration under Megan's Law, he fully served his sentence as of March 26, 2005. Thus, Lee is not eligible for relief under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(1)(i).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2017

- 2 -