J-S52032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| COSME CESAR ESCUDERO AVILES | : | |
| | : | |
| Appellant | : | No. 120 MDA 2017 |

Appeal from the PCRA Order December 19, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0005772-2014

BEFORE:   GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED SEPTEMBER 18, 2017**

Appellant, Cosme Cesar Escudero Aviles, appeals from the order entered in the Berks County Court of Common Pleas, which denied his first petition under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.   On April 22, 2015, a jury convicted Appellant of indecent exposure.   At the conclusion of trial, the court sentenced Appellant to two years' probation to commence that day.   Appellant timely filed a post-sentence motion on May 1, 2015, and an amended post-sentence motion on August 31, 2015.   The court denied the post-sentence motions on September 4, 2015.  Appellant did not file a direct appeal.

On June 17, 2016, Appellant timely filed a counseled first PCRA petition; he filed an amended PCRA petition on August 24, 2016.  Following a PCRA hearing, the court denied relief on December 19, 2016.   Appellant timely filed a notice of appeal on January 13, 2017.  On January 19, 2017,

the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b). Appellant filed an initial concise statement on February 9, 2017, and an amended concise statement on March 10, 2017.

Preliminarily, a PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole for the conviction at issue to be eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). **See also Commonwealth v. Williams**, 977 A.2d 1174 (Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010) (explaining petitioner must be serving sentence of imprisonment, probation, or parole for crime at issue to be eligible for PCRA relief; once sentence is completed, petitioner is ineligible for PCRA relief, regardless of whether he was serving his sentence when he filed petition).

Instantly, the court sentenced Appellant on April 22, 2015, to two years' probation. The sentencing order and the court's remarks on the record at sentencing confirm Appellant's probationary sentence began that day. Nothing in the record indicates that Appellant is still serving a sentence for the crime at issue; to the contrary, the docket entries show Appellant's probationary sentence has expired. Therefore, Appellant is now ineligible for PCRA relief. **See** 42 Pa.C.S.A. § 9543(a)(1)(i); **Williams, supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/2017