J. S55042/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| THOMASINE TYNES, | : | No. 2772 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, July 31, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0012304-2014,
MC-51-CR-0036312-2014

BEFORE: OLSON, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED OCTOBER 17, 2018**

Thomasine Tynes appeals from the order filed in the Court of Common Pleas of Philadelphia County that dismissed her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The facts and procedural history, as recounted by the trial court, are as follows:

> [Appellant], at all times material, was the President Judge of the Philadelphia Traffic Court.
>
> [Appellant] took a gift of jewelry under circumstances that brought her to the attention of the Office of Attorney General for the Commonwealth of Pennsylvania, hereinafter, OAG. Following an investigation, the then Attorney General, Kathleen Kane, declined to prosecute [appellant] for reasons not relevant to the disposition of this PCRA.

[Appellant] was concurrently investigated by the United States Attorney's Office for the Eastern District of Pennsylvania and ultimately charged and prosecuted by that agency.

Once the OAG declined to prosecute [appellant], the then District Attorney of Philadelphia County, Seth Williams, had his office undertake the prosecution. When [appellant] was charged[,] the entire Philadelphia County bench recused and I was assigned to handle the case against [appellant].

[Appellant] was represented by privately retained counsel who had entered into a plea agreement with the District Attorney's Office which called for a sentence that would run concurrently with [appellant's] federal sentence, an agreement I approved on December 17, 2014 when I accepted her guilty plea.[1]

[Appellant] was aware that her plea put her entitlement to receive a pension from the Commonwealth of Pennsylvania at risk.

By agreement, [appellant] surrendered to the federal authorities on February 6, 2015 to begin her federal and state sentences.

Inexplicably, she was released to the street by the federal authorities on or about August 28, 2016, instead of being returned to the State court system for supervision. In fact, she was never paroled and should have been returned to Pennsylvania to serve the balance of her maximum sentence.

[Appellant] did not seek to withdraw her plea before me, nor did she file a direct appeal from the sentence I imposed.

On December 6, 2015, current counsel filed a PCRA Petition which did not raise any issues. Rather, it

---

[1] Appellant pled guilty to restricted activities – accept improper influence under Section 1103(c) of the Public Officers Code, 65 Pa.C.S.A. § 1103(c).

> sought 90 days within which to evaluate the matter. The petition was never forwarded to me for consideration as required by Pa.R.C[rim].P., Rule 903(A).
>
> [Appellant's] maximum sentence expired on January 6, 2017.
>
> On January 18, 2017, counsel filed his "First Amended PCRA Petition." He noted therein the failure of the court to act on his filing of December 16, 2015. As of January 18, 2017, I was still unaware that the Petition of December 16, 2015 had been filed. The Petition of January 18, 2017 was NOT forwarded to me as required by Pa.R.C[rim].P., Rule 903(A). Accordingly, I had no knowledge of either filing.

Trial court opinion, 12/7/17 at 1-3.

On June 16, 2017, the PCRA court issued a notice of intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). The PCRA court intended to dismiss because appellant did not have standing to receive relief under the PCRA because she was not serving a sentence. On July 18, 2017, appellant responded and asserted that the PCRA court did not acknowledge her petition for many months in bad faith because the court wanted the petition to "die on the vine" so that the PCRA court would not be called upon to explain its role in the collusion that produced the unjust result of this case. (Defendant's response to Rule 907 notice of intention to dismiss, 7/18/17 at 2.) On July 31, 2017, the PCRA court dismissed appellant's petition because she was no longer subject to incarceration and/or supervision. On August 28, 2017, appellant filed a notice of appeal.

On September 12, 2017, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant complied with the order on October 3, 2017. On December 7, 2017, the PCRA court then filed its opinion, pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for this court's review:

1. Was the sentenced [sic] imposed on 12/17/14 Illegal [sic] and therefore "void ab initio", causing [appellant] to remain in a pre-sentence posture and accrue ZERO time served toward the Philadelphia sentence while in Federal Custody; and/or

2. Is the sentence imposed on 12/17/14 "incomplete" because [appellant] only served 17 months of a 23-month sentence and was never paroled by The Court; and/or

3. Did The Honorable Judge Gavin "interfere" with the presentation of issues by [appellant][?]

Appellant's brief at 4.

Before we can consider appellant's claim on the merits, we must first determine whether appellant is eligible for relief under the PCRA. The PCRA limits eligibility for relief, *inter alia*, to petitioners "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted. 42 Pa.C.S.A. § 9543(a)(1). *See also Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa.Super. 2015), *appeal denied*, 125 A.3d 1201 (Pa. 2015); *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010).

Here, appellant was sentenced on December 17, 2014, to a term of 11½ to 23 months' imprisonment to run concurrent with appellant's federal sentence. The trial court stayed the sentence until appellant began her federal sentence on February 6, 2015. On December 16, 2015, appellant filed a counseled PCRA petition in which she alleged that she had meritorious issues concerning ineffective assistance of counsel, illegal sentence, non-knowing/intentional/voluntary guilty plea, and after discovered evidence. (Petition for post-conviction collateral relief, 12/16/15 at 2.)

On August 28, 2016, appellant was released from her federal sentence. For reasons that are not apparent from the record, appellant was released to the "street" and was not returned to Pennsylvania to serve the balance of her Pennsylvania sentence or to be paroled from it as the minimum sentence had expired and the maximum had more than four months to run. On January 6, 2017, appellant's Pennsylvania sentence expired.

On January 18, 2017, appellant filed a first amended PCRA petition and request for an evidentiary hearing. Appellant and her counsel expanded upon the original grounds alleged for collateral relief. As appellant's sentence has expired, she is not eligible for relief. *Ahlborn*. Further, even though, appellant asserts in her petition that her ability to receive a pension from the Commonwealth of Pennsylvania is jeopardized due to her conviction, there is no relief available under the PCRA for a petitioner whose

sentence has expired, even if there are collateral consequences of his conviction.  **Williams**, 977 A.2d at 1176.  Accordingly, appellant is not eligible for relief under the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/18