J. S66042/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
v.   :
  :
JOHNUALL BENDER,   :   No. 361 EDA 2018
  :
Appellant   :

Appeal from the PCRA Order, January 12, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0012535-2010

BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED FEBRUARY 19, 2019**

Johnuall Bender appeals from the January 12, 2018 order filed in the Court of Common Pleas of Philadelphia County that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The facts, as set forth by the PCRA court, are as follows:

> On August 6, 2010, Philadelphia Police conducted a narcotics investigation at the corner of Marvine and Ruscomb Streets. Officer Gordon Andrew observed [appellant] park his blue Ford Excursion directly behind his unmarked police vehicle.  Officer Andrew then observed [appellant] make a gesture to Jeffrey Baldwin.  Baldwin walked over to the passenger side of [appellant's] vehicle. Officer Andrew observed Baldwin hand [appellant] an unknown amount of U.S. currency through the open window of [appellant's] vehicle.  Officer Andrew also observed [appellant] take the money from Baldwin and hand Baldwin a small object. Baldwin left the

area and was arrested shortly thereafter. Upon a search of Baldwin, police recovered a small clear plastic bag containing cocaine. Backup officers then arrested and searched [appellant], recovering $130. Without calling the chemist to testify, the Commonwealth submitted its laboratory analysis as evidence that the substance recovered from [appellant] tested positive as cocaine.

PCRA court opinion, 3/26/18 at 1-2 (citation to record omitted).

After a non-jury trial on December 2, 2011, the trial court convicted appellant of possession of a controlled substance (crack cocaine) and possession with intent to deliver (crack cocaine).[1] On February 3, 2012, the trial court sentenced appellant to a term of 3 to 6 years' imprisonment. By order dated April 27, 2012, the trial court modified the sentencing order such that appellant received credit for time served. The effective date of the sentence was July 26, 2012, with a minimum sentence date of July 26, 2015, and a maximum sentence date of July 26, 2018. On May 4, 2012, appellant appealed his judgment of sentence to this court. On October 1, 2013, this court affirmed. *Commonwealth v. Bender*, 87 A.3d 871 (Pa.Super. 2013) (unpublished memorandum). On October 28, 2013, appellant petitioned for allowance of appeal with the Pennsylvania Supreme Court. On March 4, 2014, our supreme court denied the petition. *Commonwealth v. Bender*, 87 A.3d 871 (Pa. 2014).

---

[1] 35 P.S. §§ 780-113(a)(16) and 780-113(a)(30). These crimes merged for sentencing purposes.

On January 9, 2015, appellant filed a ***pro se*** PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition on October 10, 2016. In the amended petition, appellant stated that he was released on parole on October 7, 2015. (Amended PCRA petition, 10/10/16 at 2.) On August 23, 2017, the Commonwealth moved to dismiss the PCRA petition. By order dated January 12, 2018, the PCRA court dismissed the PCRA petition.

On January 26, 2018, appellant filed a notice of appeal. The PCRA court filed an opinion on March 26, 2018, pursuant to Pa.R.A.P. 1925(a).

On appeal, appellant contends that the PCRA court erred when it denied his petition that alleged trial counsel was ineffective. (Appellant's brief at 8.)

Before we can consider appellant's claim on the merits, we must first determine whether appellant is eligible for relief under the PCRA. The PCRA limits eligibility for relief, ***inter alia***, to petitioners "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted. 42 Pa.C.S.A. § 9543(a)(1). ***See also Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa.Super. 2015), ***appeal denied***, 125 A.3d 1201 (Pa. 2015); ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa.Super. 2009), ***appeal denied***, 990 A.2d 730 (Pa. 2010).

Here, appellant was effectively sentenced on July 26, 2012, to a term of 3 to 6 years of imprisonment with his maximum sentence date of July 26, 2018. Therefore, it appears that appellant is no longer serving his sentence. If so, he is then ineligible for PCRA relief. The Commonwealth asserts that appellant's sentence expired on July 26, 2018. Appellant, in a section of his brief regarding the receipt of credit for time served, asserts that he believes his sentence should have expired on August 6, 2016, but was instead extended for another two years which roughly corresponds to the July 26, 2018 date. A review of the certified record indicates that appellant's maximum date of his sentence was July 26, 2018, which has already occurred.

It is the petitioner's burden to plead and prove that he is currently serving a sentence in order to be eligible for relief. 42 Pa.C.S.A. § 9543(a)(1)(i) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following: (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted: (i) currently serving a sentence of imprisonment, probation or parole for the crime[.]"). Accordingly, appellant is not eligible for relief under the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/19