J-A29012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAKIM LAMAR JOHNSON | : | |
| | : | |
| Appellant | : | No. 435 WDA 2025 |

Appeal from the PCRA Order Entered March 12, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002317-2016

BEFORE:  OLSON, J., DUBOW, J., and BENDER, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED:  December 8, 2025**

Appellant, Rakim Lamar Johnson, appeals *pro se* from the March 12, 2025 order entered in the Blair County Court of Common Pleas denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless.  Because Appellant is no longer serving a sentence of incarceration, probation, or parole for the convictions challenged in this petition, he is not eligible for relief under the PCRA.  Therefore, we affirm.

In October 2016, Appellant gave an undercover police officer heroin and crack cocaine in exchange for a ride from Pittsburgh to Altoona.  As a result, Appellant entered a negotiated guilty plea to one count each of Possession with Intent to Deliver ("PWID") and Criminal Use of a Communication Facility ("CUCF").  On September 1, 2017, the trial court sentenced Appellant to 18 months to 5 years of incarceration for the PWID conviction, a concurrent term

of 6 to 24 months of incarceration for the CUCF conviction, and awarded Appellant credit for time served. Appellant did not file a direct appeal from his judgment of sentence.

In March 2021, Appellant filed a first PCRA petition, which the PCRA court dismissed as untimely. On October 14, 2022, this Court affirmed. *Commonwealth v. Johnson*, 287 A.3d 865 (Pa. Super. 2022) (non-precedential decision), *appeal denied*, 298 A.3d 40 (Pa. 2023).

On April 16, 2024, Appellant *pro se* filed a second PCRA petition raising claims of ineffective assistance of counsel and after-discovered evidence. On March 12, 2025, the PCRA court dismissed the petition as meritless.

In this timely appeal, Appellant challenges the PCRA court's determination that his claims lacked merit.

We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *See Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). To be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.A. § 9543(a)(1)(i). "As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009) (citation omitted).

Instantly, the trial court imposed the 18-month to 5-year sentence for Appellant's PWID and CUCF convictions on September 1, 2017, and awarded

- 2 -

him credit for time served. Therefore, Appellant's sentence for those convictions expired not later than September 1, 2022, and Appellant became ineligible for PCRA relief on that date. 42 Pa.C.S. § 9543(a)(1)(i); **Williams**, **supra**.

Because Appellant is ineligible for PCRA relief, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/08/2025