J-S42030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                    PENNSYLVANIA
:
v.                              :
:
:
:
PATRICK DEDANNA MCKENNA         :
:
Appellant                    : No. 479 MDA 2025

Appeal from the PCRA Order Entered March 24, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004354-2015

BEFORE:  OLSON, J., KING, J., and LANE, J.

JUDGMENT ORDER BY KING, J.:                **FILED: FEBRUARY 27, 2026**

Appellant, Patrick Dedanna McKenna, appeals *pro se* from the order entered in the Berks County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the relevant facts and procedural history of this case as follows:

> On April 4, 2016, Appellant entered an open guilty plea [to driving under the influence of alcohol or a controlled substance ("DUI") and driving with a suspended license—DUI related,] and was sentenced to "IPP," intermediate punishment program, for 5 years.  [Subsequently, Appellant violated the terms of his supervision and was resentenced.]  On July 27, 2020, [following another violation,] Appellant was resentenced to 2½ to 5 years with credit of [459] days' time served….  [The court indicated on the record that the sentence would be effective on that date—July 27, 2020.]  Appellant did not file a post-sentence motion or appeal.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

On March 25, 2024, Appellant filed a *pro se* "Letter to Judge/Motion for PCRA" ("Petition") which this [c]ourt treated as a [PCRA] Petition…. On October 3, 2024, this [c]ourt appointed [PCRA counsel] to assist Appellant with the disposition of his PCRA claims. On February 10, 2025, [PCRA counsel] filed a No-Merit Letter seeking permission to withdraw as Appellant's counsel and alleging that Appellant's Petition lacked arguable merit ("Motion to Withdraw"). This [c]ourt granted [PCRA counsel's] Motion to Withdraw on March 5, 2025, and filed an Order and Notice of Intent to Dismiss. This [c]ourt dismissed the Petition on March 24, 2025.

On April 7, 2025, Appellant filed a Notice of Appeal…. On April 7, 2025, Appellant filed a concise statement claiming that this [c]ourt erred when it dismissed his Petition.

(PCRA Court Opinion, filed 4/24/25, at 1-2).

As a preliminary matter, we observe that a PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole **for the conviction at issue** to be eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). **See also Commonwealth v. Williams**, 977 A.2d 1174 (Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010) (explaining that once sentence is completed, petitioner is ineligible for PCRA relief). "[T]he statutory requirement that a PCRA petitioner be currently serving the sentence is applicable…where the PCRA court's order was issued while petitioner was still serving the required sentence, but that sentence terminated prior to the resolution of his appeal." **Commonwealth v. Plunkett**, 151 A.3d 1108, 1112-13 (Pa.Super. 2016), *appeal denied*, 641 Pa. 633, 169 A.3d 524 (2017).

Instantly, the court resentenced Appellant on July 27, 2020 for the DUI conviction, to a term of 2½ to 5 years' imprisonment, with credit for time served of 459 days, effective that date.  Thus, the record indicates that Appellant is no longer serving a sentence for the conviction at issue.[2] Consequently, Appellant is ineligible for PCRA relief.  ***See id.***; ***Williams, supra***.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2026

---

[2] Although the record suggests that Appellant is still incarcerated, nothing in the record indicates that Appellant's current incarceration is for the DUI offense at issue.