J-S05022-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK STOKES | : | |
| | : | |
| Appellant | : | No. 834 EDA 2025 |

Appeal from the PCRA Order Entered March 28, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008304-2016

BEFORE:  PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED APRIL 6, 2026**

Appellant, Mark Stokes, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court has previously set forth some of the facts and procedural history of this case as follows:

> Following a non-jury trial, Appellant was found guilty of terroristic threats, simple assault, retaliation against witness or victim, and not guilty of recklessly endangering another person and criminal mischief.  The charges stemmed from an August 4, 2016 altercation between [Appellant] and his neighbor, Steven Sabo ("Complainant"), at Complainant's office in Southwest Philadelphia.  On November 15, 2018, Appellant was sentenced to an aggregate prison term of two to four years of incarceration,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

followed by three years of probation.

On December 19, 2018, Appellant filed a *pro se* notice of appeal. Appellant's trial counsel, Robert M. Gamburg, Esquire, filed an application to withdraw as counsel stating that he was retained for trial only and was not hired for purposes of appeal. This Court granted Attorney Gamburg's request to withdraw and directed the trial court to determine Appellant's eligibility for court-appointed counsel. The trial court found Appellant indigent and appointed John Belli, Esquire, as appellate counsel.

Several months later, Attorney Belli filed a motion to withdraw as counsel with this Court, stating that he intended to file [a no-merit] brief concluding that Appellant's claims lacked merit, and no other non-frivolous issues could be raised on appeal. Before Attorney Belli filed [a no-merit] brief, this Court issued a rule to show cause why the appeal should not be quashed as untimely. Attorney Belli responded that Appellant's prior counsel abandoned him for purposes of appeal, which required Appellant to file a notice of appeal, *pro se.* On November 4, 2019, this Court quashed the appeal as untimely and deemed Attorney Belli's motion to withdraw moot.

On October 28, 2020, Appellant filed a *pro se* PCRA petition asserting that trial counsel was ineffective for failing to file a direct appeal, failing to request recusal of the trial judge, and failing to call character witnesses. On February 5, 2021, Stephen T. O'Hanlon, Esquire, was appointed as PCRA counsel. Attorney O'Hanlon filed an amended PCRA petition on August 15, 2021. He claimed that the October 28, 2020 *pro se* petition was timely and asserted that trial counsel was ineffective for failing to call character witnesses, failing to introduce evidence to show Appellant did not retaliate against the victim, failing to seek recusal of the trial judge, and for stipulating to Appellant's criminal history and aliases.

The Commonwealth filed a motion to dismiss Appellant's PCRA petition as untimely, and noted that Appellant failed to plead any exception to the PCRA's timeliness requirement. Appellant responded, asserting that he satisfied the newly discovered fact exception of the PCRA's

time-bar. He argued that trial counsel was ineffective for failing to file a timely direct appeal and Appellant did not become aware of that fact until after the appeal was quashed; therefore, the time to file a PCRA petition did not begin to run until November 4, 2019, when this Court notified him that it was quashing the direct appeal.

On January 4, 2023, the presiding judge, the Honorable Scott DiClaudio, recused himself, and the case was reassigned to the Honorable Shanese I. Johnson. Thereafter, Judge Johnson scheduled an evidentiary hearing. The day prior to the hearing, the Commonwealth filed a letter stating it believed Appellant "would be entitled to *nunc pro tunc* reinstatement of his direct appeal rights, which would reset the clock and allow [Appellant] the opportunity to file a new, timely PCRA petition." Commonwealth's Letter in Brief, 5/18/23, at 1.

An evidentiary hearing was held on May 19, 2023. At the outset of the hearing, before any evidence was heard, the PCRA court reinstated Appellant's direct appeal rights by agreement of the parties. N.T. PCRA Hearing, 5/19/23, at 6. … Despite the reinstatement of direct appeal rights, Appellant was directed to file another PCRA petition by the end of day so that the evidentiary hearing was not premature. It appears that the PCRA court then immediately proceeded to an evidentiary hearing on the merits of an upcoming amended petition before it was filed based on the assumption that its contents would be identical to the petition filed on August 15, 2021.

However, Appellant did not file a PCRA petition that day once the hearing concluded. Instead, on May 25, 2023, Appellant filed a "Supplemental Amended PCRA Petition and Memorandum of Law Seeking New Trial." It was identical to the amended PCRA petition filed on August 15, 2021, with the added procedural background of the evidentiary hearing held on May 19, 2023. Additionally, both parties filed post-hearing briefs in support of their positions regarding the merits of Appellant's PCRA claims.

On October 5, 2023, the PCRA court dismissed Appellant's most recent PCRA petition, and Appellant filed a notice of appeal the same day.

***Commonwealth v. Stokes***, No. 2623 EDA 2023, unpublished memorandum at 1-5 (Pa.Super. filed July 22, 2024) (some internal citations and footnotes omitted).

On July 22, 2024, this Court vacated and remanded. In doing so, this Court explained that once the PCRA court had reinstated Appellant's direct appeal rights *nunc pro tunc*, it lost jurisdiction to entertain any remaining PCRA claims. Thus, this Court vacated the order addressing Appellant's PCRA claims, and remanded for further proceedings. ***See id.*** Upon remand, the PCRA court once again reinstated Appellant's direct appeal rights, and Appellant filed a notice of appeal *nunc pro tunc*. Nevertheless, Appellant discontinued that appeal on October 22, 2024.

On November 5, 2024, Appellant timely filed the instant, counseled PCRA petition. Following a hearing, the PCRA court denied relief on March 28, 2025. Appellant timely filed a notice of appeal that same day, along with a Pa.R.A.P. 1925(b) concise statement.

Appellant raises the following issue for our review:

> Did the PCRA court err and was dismissal of Appellant's PCRA petition not supported by the record and free from legal error because trial counsel was ineffective for unreasonably failing to introduce available evidence of Appellant's peaceful/non-violent reputation/character in the community and Appellant suffered prejudice warranting the award of a new trial because evidence of good character alone is sufficient to warrant a not guilty verdict and Complainant at trial was the first to initiate a violent confrontation by pushing Appellant and subsequently pulling a gun and pointing it at Appellant?

- 4 -

(Appellant's Brief at 4).

As a preliminary matter, we observe that a PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole **for the conviction at issue** to be eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). *See also Commonwealth v. Williams*, 977 A.2d 1174 (Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010) (explaining that once sentence is completed, petitioner is ineligible for PCRA relief). "[T]he statutory requirement that a PCRA petitioner be currently serving the sentence is applicable…where the PCRA court's order was issued while petitioner was still serving the required sentence, **but that sentence terminated prior to the resolution of his appeal**." *Commonwealth v. Plunkett*, 151 A.3d 1108, 1112-13 (Pa.Super. 2016), *appeal denied*, 641 Pa. 633, 169 A.3d 524 (2017) (emphasis added).

Instantly, the court sentenced Appellant on November 15, 2018 to an aggregate term of two to four years' imprisonment, followed by three years' probation, with credit for time served, to commence on December 20, 2018. Thus, the record indicates that Appellant's sentence expired in December 2025 at the latest, and he is no longer serving a sentence **for the convictions at issue**. *See id.* Consequently, Appellant is ineligible for PCRA relief.[2] *See*

_____

[2] The Commonwealth acknowledges that Appellant may be ineligible for PCRA relief on these grounds. (*See* Commonwealth's Brief at 6).

***Plunkett, supra***; ***Williams, supra***.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/6/2026