J-S83034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
QUAY TAYLOR :
:
Appellant : No. 1541 EDA 2016

Appeal from the PCRA Order May 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004214-2010

BEFORE: GANTMAN, P.J., OLSON, J., and DUBOW, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED JANUARY 17, 2018**

Appellant, Quay Taylor, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On April 13, 2012, the court convicted Appellant of possessing instruments of crime ("PIC"), simple assault, and recklessly endangering another person ("REAP"). The court sentenced Appellant on July 12, 2012, to an aggregate term of 2½ to 5 years' imprisonment.[1] Appellant did not file a direct appeal. On October 20, 2014, Appellant filed his first PCRA petition, *pro se*, complaining, *inter alia*, trial counsel failed to file a requested direct

_____

[1] Specifically, the court sentenced Appellant to 2½ to 5 years' imprisonment for the PIC conviction, a concurrent 1 to 2 years' imprisonment for the simple assault conviction, and no further penalty for the REAP conviction.

appeal on Appellant's behalf. The court appointed counsel, who filed an amended PCRA petition on June 24, 2015. On April 11, 2016, the court issued appropriate notice per Pa.R.Crim.P. 907; Appellant did not respond. On May 16, 2016, the court denied PCRA relief. Appellant timely filed a notice of appeal on May 18, 2016. On June 8, 2016, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b). Appellant timely complied on June 15, 2016.

Preliminarily, a PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole for the conviction at issue to be eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). *See also Commonwealth v. Williams*, 977 A.2d 1174 (Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010) (explaining petitioner must be serving sentence of imprisonment, probation, or parole for crime at issue to be eligible for PCRA relief; once sentence is completed, petitioner is ineligible for PCRA relief, regardless of whether he was serving his sentence when he filed petition). As well, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa.Super. 2011). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under

which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1-2). The timeliness exception at Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001).

Instantly, the court sentenced Appellant on July 12, 2012, to an aggregate term of 2½ to 5 years' imprisonment. Nothing in the record indicates that Appellant is still serving a sentence **for the convictions at issue**. Thus, Appellant appears to be ineligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); *Williams, supra*. Also, Appellant's judgment of sentence became final on August 11, 2012, upon expiration of the time to file a direct appeal. *See* Pa.R.A.P. 903(a) (explaining notice of appeal shall be filed within 30 days after entry of order or judgment from which appeal is taken). Appellant filed the current PCRA petition on October 20, 2014, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "newly-discovered facts" exception at Section 9545(b)(1)(ii), claiming trial counsel failed to file a requested direct appeal on his behalf and Appellant was unaware of this "new fact" until October

2014. Nevertheless, Appellant failed to explain why he could not have discovered this "new fact" sooner with the exercise of due diligence. *See Carr, supra* (holding appellant failed to establish Section 9545(b)(1)(ii) exception to PCRA time-bar where trial counsel's failure to file direct appeal was discoverable during appellant's one-year window to file timely PCRA petition; appellant had full year to learn if counsel had filed direct appeal on his behalf; mere fact that appellant alleges counsel was ineffective for failing to file direct appeal does not save appellant's untimely PCRA petition). Therefore, Appellant is not entitled to PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/18