J-S36010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERNEST H. PRIOVOLOS, | : | |
| | : | |
| Appellant | : | No. 2460 EDA 2017 |

Appeal from the PCRA Order, June 19, 2017,
In the Court of Common Pleas of Bucks County,
Criminal Division at No(s): CP-09-CR-0002581-2014.

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED AUGUST 24, 2018**

Ernest H. Priovolos appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history are as follows:  At the conclusion of a bench trial on February 2, 2015, the trial court convicted Priovolos of one count of accidents involving damage to attended vehicle or property, as well as six separate summary violations of the Vehicle Code.  That same day, the trial court sentenced Priovolos to an aggregate term of five to twelve months of imprisonment.  Following the denial of a motion for reconsideration, Priovolos filed a timely appeal to this Court.  On June 1, 2016, we affirmed his judgment of sentence.  **Commonwealth v. Priovolos**, 153 A.3d 1096 (Pa. Super. 2016).  He did not file a petition of allowance of appeal.

Priovolos was on state parole for another offense at the time the trial court convicted him of the offenses enumerated above. This conviction resulted in the revocation of his parole, and Priovolos was sentenced to serve his back time on his original state sentence. Thus, Priovolos was not eligible to begin his sentence on this latter sentence until he served his back time and was granted re-parole. He was granted re-parole on January 2, 2016. Accordingly, Priovolos began serving his five to twelve months of imprisonment on January 21, 2016, and he was paroled on this sentence on June 22, 2016.

On September 26, 2016, Priovolos filed the *pro se* PCRA petition at issue. The PCRA court appointed counsel, and PCRA counsel informed the court that he would not be filing an amended petition. On January 22, 2017, Priovolos' maximum sentence expired. The Commonwealth filed its answer to Priovolos' petition on May 10, 2017. On May 18, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Priovolos' petition without a hearing. In this notice, the PCRA court explained that Priovolos was no longer eligible for relief under the PCRA because his maximum sentence had expired. Priovolos did not file a response. By order entered June 19, 2017, the PCRA

court denied Priovolos' PCRA petition. This *pro se* appeal follows.[1] Both

Priovolos and the PCRA court have complied with the Pa.R.A.P. 1925.

Priovolos raises one issue on appeal, which we cite verbatim:

i.       [Whether] the trial court issues an unlawful sentence, when considering [he] did not receive time credit or did the sentence mandate a consecutive sentence.

Priovolos' Brief at 4 (excess capitalization omitted).

Under the applicable standard of review, we determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. **Commonwealth v. Blakeney**, 108 A.3d 739, 749 (Pa. 2014).

Before reaching the merits of Priovolos' issue, we must first determine whether the PCRA court concluded that, since Priovolos is no longer serving his underlying sentence for the convictions at issue, he is ineligible for relief under the PCRA.

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he or she "has been convicted of a crime under the laws of this Commonwealth and is at the time relief is

---

[1] Following a remand from this Court, the PCRA court held a **Grazier** hearing at which it determined that Priovolos wished to proceed *pro se*. **See generally Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

granted . . . currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). Appellate courts in Pennsylvania have consistently held that the plain language of this subsection of the PCRA requires a court to deny relief to a petitioner who has finished serving his sentence, regardless of whether he or she was serving the sentence at the time the PCRA petition was filed. *See e.g.*, **Commonwealth v. Williams**, 977 A.2d 1174 (Pa. Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010) (citation omitted) (explaining "[a]s soon as his sentence is completed, petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition").

Applying these principles in the instant case, the PCRA court found that Priovolos was ineligible for relief under the PCRA. It explained:

> [Priovolos] was no longer serving a sentence of imprisonment, probation or parole when the Court considered [his PCRA] Petition. Thus, the Court found that [Priovolos] failed to satisfy the eligibility requirements pursuant to Section 9543(a) of the PCRA. [Priovolos] was sentenced to a maximum period of twelve months. The sentence commenced on January 21, 2016. [Priovolos] was granted parole on June 22, 2016 and his maximum sentence expired on January 22, 2017. Accordingly, the Court properly dismissed [his PCRA] Petition because it had been rendered moot by the expiration of [his] maximum sentence.

PCRA Court Opinion, 8/31/17, at 3-4. Our review of the record supports the PCRA court's conclusion. The PCRA court correctly determined that Priovolos was no longer eligible for PCRA relief, and therefore, properly dismissed his petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/24/2018*