J-S54016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM WRIGHT | : | |
| | : | |
| Appellant | : | No. 1839 WDA 2017 |

Appeal from the PCRA Order November 8, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004530-2013

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 09, 2018**

William Wright appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  After review, we affirm.

On November 14, 2013, Wright pleaded guilty to obstructing administration of law or other government function.[1]  The same day, the trial court sentenced Wright to two years' probation.  On December 2, 2013, Wright filed a *pro se* motion to arrest judgment and on December 10, 2013, he filed an untimely *pro se* motion to amend/modify sentence.  On March 17, 2014, the trial court entered an order permitting Wright to file a motion to amend/modify sentence *nunc pro tunc*, which he did.  On May 7, 2014, the

---

[1] 18 Pa.C.S.A. § 5101.

trial court entered an order denying Wright's post-sentence motion. On June 20, 2014, Wright filed a timely notice of appeal, in which he challenged the discretionary aspects of his sentence. However, on November 18, 2014, Wright filed a notice of discontinuance of action. On May 19, 2015, Wright filed his first PCRA petition; the PCRA court reinstated Wright's appellate rights and dismissed his remaining PCRA claims without prejudice. Wright filed a motion to reconsider sentence on July 8, 2016, which the PCRA court denied on August 31, 2016. On September 30, 2016, Wright filed a timely appeal. Again, however, Wright filed a discontinuance of appeal with this Court on May 24, 2017. On May 24, 2018, Wright filed the instant PCRA petition. On November 8, 2017, the trial court dismissed Wright's PCRA petition. Wright timely appealed. Both Wright and the trial court have complied with Pa.R.A.P. 1925. On appeal, Wright raises the following issues for our review:

1. Did the trial court err in denying [Wright's] [PCRA] petition without a hearing because trial counsel provided ineffective assistance of counsel for failing to make a motion to withdraw [Wright's] plea of guilty, as [Wright] did not accept the facts as presented by the Commonwealth and therefore did not enter a knowing, voluntary, and intelligent entry of a plea of guilty?

2. Did the trial court err in denying [Wright's] [PCRA] petition without a hearing because trial counsel provided ineffective assistance of counsel for failing to raise the claim there was a legal impossibility as to the crimes charged in the criminal information, as there were no pending cases against [Wright] where the accuser was a witness or victim?

Brief of Appellant, at 4.

"Eligibility for relief under the PCRA is dependent upon the petitioner [pleading and proving by a preponderance of the evidence that he is] currently serving a sentence of imprisonment, probation, or parole for a crime." *Commonwealth v. Turner*, 80 A.3d 754, 761–62 (Pa. 2013). *See* 42 Pa.C.S.A. § 9543(a)(1)(i). As our Supreme Court has explained, as soon as his sentence is completed, a PCRA petitioner becomes ineligible for relief. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997). The statute plainly states, under section 9543(a)(1)(i), that a PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole for the conviction at issue to be eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i); *Commonwealth v. Williams*, 977 A.2d 1174 (Pa. Super. 2009). Furthermore, "[a]s soon as [a petitioner's] sentence is completed, [he] becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." *Id.* at 1176, quoting *Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006). "To grant relief at a time when [the petitioner] is not currently serving . . . a sentence would be to ignore the language of the statute." *Ahlborn*, 699 A.2d at 720 (emphasis in original).

Here, the trial court sentenced Wright to two years' probation on November 14, 2013, to commence that same day. The Commonwealth contends that the record is ambiguous as to whether Wright is still on probation and that it is possible Wright has completed his probationary sentence. Furthermore, Wright did not address whether he was still serving his sentence in his appellate brief. Likewise, the trial court did not address

- 3 -

Wright's custodial status in its Pa.R.Crim.P. 907 notice of intent to dismiss or its 1925(a) opinion.

It is the appellant's burden to plead and prove that he is eligible for relief under the PCRA. **See** 42 Pa.C.S.A. § 9543(a) ("To be eligible for relief under [the PCRA], *the petitioner must plead and prove by a preponderance of the evidence* all of the following . . .) (emphasis added). After review of the record, the parties' briefs and the trial court opinion, it remains ambiguous whether or not Wright is still serving his probationary sentence. In other words, Wright has not proven by a preponderance of the evidence that he is eligible for PCRA relief. Accordingly, we affirm the PCRA court's order dismissing Wright's PCRA petition. **See Commonwealth v. Schmohl**, 975 A.2d 1144, 1149 (Pa. Super. 2009) (citation omitted) (if petitioner finishes serving his sentence while appeal is pending, case is moot).[2]

Order affirmed.

_____

[2] We acknowledge that it is incumbent upon Wright to prove he is still serving his probationary sentence, **see** 42 Pa.C.S.A. § 9543(a); however, based on our independent review of the record, we are unable to determine with necessary certainty whether Wright is still serving his probationary sentence. We note, the Commonwealth also acknowledged the ambiguous nature of Wright's probationary sentence. **See** Brief of Appellee, at 14. In light of our independent review of the record and Wright's failure to prove by a preponderance of the evidence that he is serving his probationary sentence, **Turner**, **supra**, we, as stated above, affirm the PCRA court's order dismissing Wright's PCRA petition.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/9/2018