J-S51028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| CHAD MICHAEL STONER | : | |
| Appellant | : | No. 511 MDA 2019 |

Appeal from the PCRA Order Entered March 5, 2019
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0007119-2015

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.:          **FILED NOVEMBER 07, 2019**

Appellant, Chad Michael Stoner, appeals from the order entered in the York County Court of Common Pleas, which denied his second petition filed under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546.  On March 10, 2017, a jury convicted Appellant of stalking in connection with several incidents, where Appellant threatened and harassed his neighbor.  The court sentenced Appellant on May 4, 2017, to imprisonment of one year minus one day to two years minus two days, with two hundred seventy-four days of credit for time served.  Appellant did not seek direct review.  On November 2, 2017, Appellant filed a PCRA petition, requesting reinstatement of his direct appeal rights *nunc pro tunc*.  The court appointed PCRA counsel on November 30, 2017, and on January 30, 2018, the court granted the petition and reinstated Appellant's direct appeal rights.

Appellant filed a notice of appeal on February 26, 2018, which this Court dismissed on August 23, 2018, for failure to file a brief. Appellant *pro se* filed the current PCRA petition on January 25, 2019, alleging prior counsel's ineffectiveness for failure to file a brief on appeal and requesting appointment of new appellate counsel. The court issued Pa.R.Crim.P. 907 notice on February 5, 2019. On March 5, 2019, the court dismissed Appellant's petition because he had already completed his sentence.

Appellant *pro se* filed a notice of appeal on March 18, 2019, as well as a renewed request for court-appointed appellate counsel. The court ordered Appellant on March 22, 2019, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The court allowed prior counsel to withdraw on March 28, 2019. The court appointed new appellate counsel on April 10, 2019, and granted an extension of time for new counsel to file a Rule 1925(b) statement. New counsel timely filed the statement on May 1, 2019. On June 5, 2019, new counsel filed a ***Turner/Finley***[1] letter and a request to withdraw.[2] Appellant did not file a response.

Preliminarily, a PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole for the conviction at issue to be eligible for

---

[1] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] Counsel has fully complied with the ***Turner/Finley*** requirements. ***See Commonwealth v. Wrecks***, 931 A.2d 717 (Pa.Super. 2007) (discussing counsel's obligations under ***Turner/Finley***).

PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). *See also Commonwealth v. Williams*, 977 A.2d 1174 (Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010) (explaining petitioner must be serving sentence of imprisonment, probation, or parole for crime at issue to be eligible for PCRA relief; as soon as sentence is completed, petitioner becomes ineligible for PCRA relief; PCRA precludes relief for those petitioners whose sentences have expired, regardless of collateral consequences of their sentences).

Instantly, the court sentenced Appellant on May 4, 2017, to imprisonment of one year minus one day to two years minus two days, with two hundred seventy-four days of credit for time served. At the time of sentencing, Appellant had already been incarcerated on this offense since August 5, 2016, according to the record. Appellant, therefore, completed his sentence in August 2018. When he filed the current PCRA petition on January 25, 2019, Appellant was no longer eligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); *Williams, supra*. Thus, the court properly dismissed the petition. Following an independent review of the record, we agree with counsel that Appellant's petition was unreviewable and the appeal is frivolous. Accordingly, we affirm and grant counsel's petition to withdraw.

Order affirmed; petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/07/2019</u>