J-S60031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RIGOBERTO HERNANDEZ :
:
Appellant : No. 169 MDA 2019

Appeal from the PCRA Order Entered December 28, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001681-2009

BEFORE:  SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY PELLEGRINI, J.:            **FILED NOVEMBER 26, 2019**

Rigoberto Hernandez (Hernandez) appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Hernandez is ineligible for PCRA relief.  We affirm.

On November 20, 2009, a jury found Hernandez guilty of one count of delivery of a controlled substance[1] for his delivery of 0.22 grams of heroin to another person.  On the same date, the trial court sentenced him to a term of not less than two-and-one-half nor more than six years of incarceration and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

awarded him credit for approximately one month of time served. This Court affirmed the judgment of sentence on December 16, 2010.

Hernandez filed the instant *pro se* PCRA petition on May 14, 2018. Appointed counsel filed a motion to withdraw and a **Turner**/**Finley** no merit letter.[2] The PCRA court issued notice of its intent to dismiss the PCRA petition on December 3, 2018,[3] and granted counsel's motion to withdraw. The PCRA court noted that Hernandez is currently serving a sentence in an unrelated 2017 Lebanon County case of seven-and-one-half to twenty years. (**See** Rule 907 Notice, 12/03/18, at 2 n.3; **see also** Motion to Withdraw as Counsel, 9/19/18, at 4). The PCRA court entered its order dismissing Hernandez's petition on December 28, 2018, and Hernandez timely appealed.

Section 9543 of the PCRA provides that for a petitioner to be eligible for relief, he must prove that he "**is at the time relief is granted** . . . **currently serving a sentence** of imprisonment, probation or parole **for the crime**[.]" 42 Pa.C.S. § 9543(a)(1)(i) (emphases added). "As soon as his sentence is completed, the petitioner becomes ineligible for relief[.]" **Commonwealth v. Williams**, 977 A.2d 1174, 1176 (Pa. Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010) (citations omitted).

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] **See** Pa.R.Crim.P. 907(1).

In the instant case, Hernandez is no longer serving his November 2009 Dauphin County sentence making him ineligible for PCRA relief.[4] Accordingly, we affirm the order of the PCRA court dismissing his petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019

---

[4] In any event, Hernandez's judgment of sentence became final in January 2011 when we affirmed and he did not file a petition for allowance of appeal to the Supreme Court. Because 42 Pa.C.S § 9545 requires a PCRA petition to be filed within one year of when the sentence is final, he was required to file his PCRA petition by January 2012 for it to be timely. Because it was filed on May 14, 2018, it was patently untimely. Hernandez also failed to plead or prove any timeliness exception.