J-S33023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY BROCKINGTON | : | |
| | : | |
| Appellant | : | No. 397 EDA 2022 |

Appeal from the PCRA Order Entered January 31, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR0005031-2014

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

JUDGMENT ORDER BY KING, J.:                **FILED OCTOBER 31, 2022**

Appellant, Anthony Brockington, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.  On October 24, 2014, the court convicted Appellant at docket No. CP-51-CR-0005031-2014 ("docket 5031-2014") of driving under the influence of alcohol or a controlled substance.  The court also convicted Appellant at docket No. CP-51-CR-0005030-2014 ("docket 5030-2014") of simple assault and harassment.  The court sentenced Appellant on January 14, 2015, to six (6) months' probation at docket 5031-2014.  At docket 5030-2014, the court imposed a concurrent term of two (2) years' probation for simple assault, and

no further penalty for harassment. This Court affirmed the judgment of sentence on July 1, 2019. **See Commonwealth v. Brockington**, 220 A.3d 617 (Pa.Super. 2019) (unpublished memorandum).

On July 22, 2020, Appellant filed a *pro se* PCRA petition alleging trial counsel was ineffective. The court appointed PCRA counsel, who filed a "no-merit" letter[1] and request to withdraw on December 7, 2021. In his petition, PCRA counsel acknowledged that Appellant had finished serving his sentence and was not entitled to PCRA relief. The PCRA court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907 on January 11, 2022. The court formally denied relief on January 31, 2022, and let counsel withdraw. That same day, Appellant timely filed a notice of appeal.[2] On February 23, 2022, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

Preliminarily, a PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole for the conviction at issue to be eligible for

---

[1] **See Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] Appellant initially filed separate notices of appeal at each underlying docket number. Nevertheless, this Court dismissed the appeals for failure to file a docketing statement. Appellant subsequently sought reinstatement of the appeal **only** at docket 5031-2014. Thus, we confine our review to that docket number. We emphasize, however, that our analysis and disposition would be the same at both underlying docket numbers.

PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). In other words, once a petitioner completes his sentence for the crimes at issue, he is ineligible for PCRA relief. **Commonwealth v. Williams**, 977 A.2d 1174, 1176 (Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010).

Instantly, the court sentenced Appellant on January 14, 2015, to six (6) months' probation at docket 5031-2014. Thus, Appellant completed serving his sentence for the DUI at issue long before he filed his PCRA petition.[3] Consequently, Appellant is ineligible for PCRA relief. **See** 42 Pa.C.S.A. § 9543(a)(1)(i); **Williams, supra**. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2022

---

[3] The court had imposed a concurrent term of two years' probation at docket 5030-2014 for simple assault. Thus, Appellant's sentence at docket 5030-2014 has likewise expired.