J-S32029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN SCOTT PARTELLO | : | |
| | : | |
| Appellant | : | No. 64 MDA 2023 |

Appeal from the PCRA Order Entered January 9, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-MD-0001364-1987

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN SCOTT PARTELLO | : | |
| | : | |
| Appellant | : | No. 65 MDA 2023 |

Appeal from the PCRA Order Entered January 9, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-MD-0002189-1987

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:           **FILED: NOVEMBER 6, 2023**

Kevin Scott Partello appeals from the order denying his timely-filed petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In this appeal, Partello challenges the legality of the sentence imposed upon revocation of his probation. Because Partello had multiple sentences

over the course of the last few decades, a detailed summary of the pertinent facts and procedural history is warranted. The PCRA court first summarized the charges to which Partello pled guilty and the original sentence imposed:

> On November 13, 1987, [Partello] pleaded guilty to two counts of Involuntary Deviate Sexual Intercourse [("IDSI")], two counts of Statutory Rape, ten counts of Indecent Assault, and ten counts of Corruption of Minors arising out of a series of events that occurred on or around the campus of Lancaster Bible College in Manheim Township, Lancaster County, Pennsylvania. [Partello] purportedly held a position of influence at the college and perpetrated his crimes in an educational and religious setting. At this time, [Partello] had allegedly victimized [eight] boys, ages nine through fourteen, while [Partello] was twenty-two years of age. [Partello] had been diagnosed with pedophilia.

> After a pre-sentence investigation report was prepared, [Partello] was sentenced by the [trial court] on January 19, 1988, to sentences of not less than five years nor more than twenty years [of] incarceration on each count of [IDSI] and to sentences of not less than five years nor more than ten years [of] incarceration of each count of Statutory Rape. [Partello] was sentenced to two years of probation on each of the ten counts of Indecent Assault, and five years of probation on each of the ten counts of Corruption of Minors. The sentences of incarceration were made concurrent with each other. The probationary sentences for the charges of Indecent Assault were imposed consecutive to each other and consecutive to the prison sentence for the [IDSI charges]. Four counts of the Corruption of Minors probationary sentences were made consecutive to each other, but concurrent to the Indecent Assaults and consecutive to the prison sentences on [IDSI]. The final two counts of the Corruption of Minors probationary sentences were made concurrent with the other probationary sentences, but consecutive to the prison sentences on the [IDSI] charges. This rather complex sentencing scheme yielded [an aggregate] sentence of not less than five nor more than twenty years [of] incarceration to be followed by twenty years of consecutive probation.

Rule 907 Notice, 12/16/22, at 1-3 (footnotes and citations omitted).

The PCRA court then summarized the history of Partello's parole, revocation of parole and probation, as well as Partello's new convictions and sentences once he relocated to Ohio:

[Partello] was originally granted parole for the underlying offenses in 1993. In 1996, [Partello] was recommitted for technical violations of his parole for having a minor in his residence. He was once again paroled in 2000. Following his release, [Partello] relocated to the State of Ohio and was convicted of Gross Sexual Imposition shortly thereafter. Regarding this conviction, [Partello] was thirty-six years of age at the time when he victimized a sixteen-year[-]old boy. At the time, [Partello] was acting as the victim's Alcoholic Anonymous counselor. This conviction resulted in a sixteen-month period of confinement. The Ohio court confirmed that [Partello] had the diagnosable condition of pedophilia, found [him] to be at a high risk of re-offending, and classified [Partello] as a sexual predator pursuant to the controlling Ohio statute.

In 2017 and 2019, [Partello] was convicted of multiple offense relating to the failure to register with the Megan's Law requirements in the State of Ohio.

On or about January 12, 2019, [Partello] was convicted of the offense of Importuning, a Felony of the Fifth Degree, in the State of Ohio. [Partello], then age fifty-four, solicited what he believed to be a fifteen-year-old boy on an online dating site for homosexual men. Despite knowing the boy's age, [Partello] arranged and travelled to meet him. The meeting was a sting operation conducted by local law enforcement in the State of Ohio. [Partello] was sentenced to thirteen additional years of supervision within the State of Ohio, and required to be in full compliance with all sex-offender registration requirements, re-engage with sexual offender programming, with advanced psychotherapy, and report monthly to his probation officer in Ohio.

Rule 907 Notice, 12/16/22, at 3-4 (footnotes and citations omitted).

Following the 2019 Ohio conviction, Partello's supervising probation officer in that state notified the Lancaster County Adult Probation and Parole

Department of Partello's probation violation. On February 21, 2020, a bench warrant was issued. Ultimately, Partello was found in violation of his probation for his 1987 Pennsylvania crimes. The trial court imposed an aggregate sentence of fifteen to thirty years of imprisonment at the two dockets for which Partello was still serving the original probationary sentences. *See id.*, at 4-6.

The trial court denied Partello's motion to modify sentence and Partello filed a timely appeal in which he challenged the discretionary aspects of his sentence. Finding no merit to this claim, this Court affirmed his judgment of sentence on December 22, 2020. *Commonwealth v. Partello*, 245 A.3d 1092 (Pa. Super. 2020) (non-precedential decision). Partello did not seek further review.

On November 24, 2021, Partello filed a *pro se* PCRA petition, and the PCRA court appointed counsel. On August 24, 2022, PCRA counsel filed an amended petition.[1] Thereafter, the Commonwealth filed an answer. On December 22, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Partello's petition without a hearing. Partello did not file a response. By order entered January 9, 2023, the PCRA court dismissed

---

[1] PCRA counsel originally filed a motion to withdraw and "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On August 10, 2022, the PCRA court asked for additional clarification and analysis of Partello's claims, resulting in the filing of the amended petition.

Partello's petition. This appeal followed.[2] Both Partello and the PCRA court have complied with Pa.R.A.P. 1925.

Partello raises the following issue on appeal:

I.      Did the PCRA court err by failing to find that the [probation revocation] court imposed an illegal sentence when the underlying sentence, ostensibly providing the [probation revocation] court with the authority to impose incarceration, was constitutionally infirm pursuant to [**Alleyne v. U.S.**, 570 U.S. 99 (2013)] and [**Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016)]?

Partello's Brief at 4 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.

---

[2] Contrary to the express language of newly amended Pa.R.A.P. 902, Partello did not file a separate notice of appeal "in each docket in which the order has been entered." Rule 902(a). Because this defect does not affect the validity of this appeal, we have the discretion to take whatever action we deem appropriate, including "a remand of the matter to the trial court so that the omitted procedural step may be taken." **Id.** We choose to overlook this procedural defect.

> To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

In support of his issue, Partello claims that, consistent with this Court's decision in ***Commonwealth v. Stanley***, 259 A.3d 989 (Pa. Super. 2021), his "probation violation sentence is void because it is based on a statute that [the Pennsylvania] Supreme Court has invalidated." Partello's Brief at 7. According to Partello, because our Supreme Court's decision in ***Wolfe***, ***supra***, invalidated the mandatory sentencing provision applied by the trial court in 1988, that section is void *ab initio*, and therefore his 2020 "probation violation sentence should be vacated." Partello's Brief at 12. We disagree.

The PCRA court found no merit to Partello's claim. The court explained as follows:

> [Partello's] claim for post-conviction relief instantly fails due to his claim being moot. A claim before the court is moot if, in ruling upon the issue, the court cannot enter an order that has any legal force of effect. ***See Commonwealth v. Nava***, 966 A.2d 630, [633] (Pa. Super. 2009). [Partello] is challenging the legality of the two sentences for which he was [originally] incarcerated. Those two convictions for [IDSI] resulted in [Partello's] sentence of five to twenty years, to be served concurrently, on January 19, 1988. Parole expired on both sentences on November 14, 2013. As [Partello] is no longer incarcerated or on parole [for these charges], nor was he incarcerated or on parole when he committed the probation violation for which he was resentenced

on February 21, 2020, his claim that imposition of the mandatory minimum sentences was illegal is moot.

Rule 907 Notice, 12/16/22, at 10.

While we agree that Partello's claim does not entitle him to relief, we affirm the PCRA court's order on a different basis. *See Commonwealth v. Kennedy*, 151 A.3d 1117, 1127 n.14 (Pa. Super. 2016) (explaining that this Court may affirm on any basis).

In order to be eligible for relief under the statute, a PCRA petitioner must have been "convicted of a crime under the laws of this Commonwealth and is at the time the relief is granted . . . currently serving a sentence of imprisonment or probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, a petitioner becomes ineligible for relief under the PCRA regardless of whether he was serving his sentence when he filed the petition. *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009). Significantly, eligibility for relief under the PCRA is offense specific; thus, whenever a petitioner is no longer serving a sentence for the crime at issue, he is no longer eligible for relief from that conviction. *See Commonwealth v. Smith*, 17 A.3d 973, 904 (Pa. 2011) (concluding challenges to convictions for lesser crimes were not cognizable under the PCRA because, although the appellant was still serving a death

sentence for murder, sentence for the other lesser crimes had expired). Therefore, the PCRA court correctly denied Partello's petition.[3]

    Order affirmed.


Judgment Entered.


_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>11/06/2023</u>

_____

[3] We further agree with the PCRA court and the Commonwealth that **Alleyne** does not apply retroactively to attacks upon mandatory minimum sentences advanced on collateral review. **Commonwealth v. Washington**, 142 A.3d 180 (Pa. 2016). **See** Rule 907 Notice, 12/16/22, at 10; Commonwealth's Brief at 10.

    Finally, we note that Partello's reliance on **Stanley**, **supra**, is misplaced. Stanley's conviction for failure to register as a sex offender was set aside. Here, even though the incarceration portion of Partello's original sentence may have been constitutionally unsound because it included a mandatory minimum when originally imposed, Partello completed the sentences for those crimes, and can no longer challenge them. However, the probationary sentences imposed for some of his original crimes were legal and thus the court had the authority to revoke that probation and impose a sentence of incarceration.