J-S06013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MICHAEL DRAUCKER | : | |
| | : | |
| Appellant | : | No. 320 WDA 2025 |

Appeal from the PCRA Order Entered February 20, 2025
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000153-2021

BEFORE:   KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: May 19, 2026**

James Draucker appeals from the order denying his timely-filed petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The facts and procedural history may be summarized as follows.  On July 10, 2023, Draucker entered a negotiated guilty plea in Elk County to one count of driving under the influence (DUI), graded as a second-degree misdemeanor.  Draucker waived the preparation of a pre-sentence investigation, and therefore the trial court proceeded to sentence him. Because Draucker had previously pled guilty in Jefferson County to two DUIs in 2021 and 2023, the court treated the instant conviction as a third DUI

_____

[*] Former Justice specially assigned to the Superior Court.

offense. The court sentenced Draucker to 87 days of time served to 24 months, less one day, and Draucker was immediately paroled. Draucker did not file a timely post-sentence motion or an appeal.

On November 8, 2023, Draucker filed a *pro se* "Letter Concerning My Appeal and Appointed Counsel," in which he requested new counsel. According to Draucker, shortly after he entered his plea, he gave trial counsel a notice of appeal but counsel never acted on his request. By order entered the next day, the trial court appointed new counsel "to evaluate whether [Draucker] has a cognizable appellate or PCRA claim and to file any petition deemed by Counsel to be appropriate."

Treating Draucker's letter as a petition for post-conviction relief, PCRA counsel filed a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 15, 2023, the trial court entered an order that held counsel's petition to withdraw in abeyance and granted Draucker thirty days to either file a motion *nunc pro tunc* to reinstate his appellate rights or file an amended PCRA petition.

After being granted an extension of time, PCRA counsel filed another petition to withdraw. The court held an evidentiary hearing on April 12, 2024. Ultimately, the PCRA court granted counsel's petition to withdraw, but granted

Draucker an additional sixty days to file a motion to reinstate his direct appeal rights or a petition for post-conviction relief.

On May 28, 2024, Draucker filed a *pro se* PCRA petition, and the court appointed present PCRA counsel. On June 27, 2024, this Court vacated Draucker's 2023 Jefferson County DUI sentence for his second offense. ***Commonwealth v. Draucker***, 323 A.3d 232 (Pa. Super. 2024) (non-precedential decision). On October 31, 2024, counsel filed an amended PCRA petition in which Draucker essentially claimed that, because his 2023 Jefferson County judgment of sentence had been vacated, he no longer had two prior convictions, and, therefore, the July 2023 sentence he received in Elk County in this case was now illegal.

Meanwhile, in Jefferson County, Draucker entered a new guilty plea to the 2023 conviction.

Thereafter, on January 17, 2025, the PCRA court in Elk County held a hearing on Draucker's amended PCRA petition. No testimony was taken, but the court heard argument from counsel. At the conclusion of the hearing, the court asked for briefs. By order entered February 20, 2025, the PCRA court denied Draucker's amended petition. This appeal followed. Both Draucker and the PCRA court have complied with Appellate Rule 1925.

Draucker raises the following issue on appeal:

I.    Whether the [PCRA court] committed an error of law by denying [Draucker's] prayer for PCRA relief seeking a modification of his DUI sentence when a prior DUI conviction – relied upon for a mandatory sentence in the instant case

- 3 -

– was vacated prior to the filing of his PCRA, rendering his sentence illegal.

Draucker's Brief at 4 (emphasis omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

In support of his claim on appeal, Draucker first asserts that his prior 2021 and 2023 convictions were appropriately counted as prior offenses for sentencing him for his 2023 Elk County conviction as a third DUI offense. However, after he filed his PCRA, his 2023 DUI conviction was vacated by this Court in 2024. According to Draucker, a third offense sentence "would not have been applicable except for the conviction that was vacated." Draucker's Brief at 10-11 (citing 42 Pa.C.S.A. § 9714(3)). Draucker therefore contends that, "[w]hile the Trial Court did not create any error at the time of sentencing, presently because it is based upon a vacated conviction, [his] sentence is illegal and should be modified to reflect a second offense." *Id.* at 11.

The PCRA court found no merit to Draucker's claim. It determined that the relief requested was not permitted given the clear language of Section 3806, which clearly provides that the sentencing court "shall calculate the

number of prior offenses, if any, at the time of sentencing." 75 Pa.C.S.A. §

3806. The court explained:

> [The PCRA court] does not find any merit as a matter of law and fact in the relief being requested by [Draucker] in [his PCRA petition]. Foremost, the relief being requested by [Draucker] is contrary to [Section] 3806[.]
>
> ***
>
> If this court applied [Section] 3806 in the context of now modifying [Draucker's] sentence, as this is the relief being requested by [him], this court maintains that at time of sentencing modification [Draucker] would now have two prior [DUI] offenses in Jefferson County, Pennsylvania as well as apparently one prior [DUI] offense in Clearfield County, Pennsylvania. Consequently, if modification would or should occur this court finds that the sentenced entered July 10, 2023 [in Elk County] should be properly modified as of the date of modification to [DUI] 75 Pa.C.S.A. S3802(a)(1), Felony Third Degree, Third or Subsequent Offense, whereby [Draucker] would be subject to undergo imprisonment of not less than ten (10) days and pay a fine of not less than $500 nor more than $5000. ***See*** 75 Pa.C.S.A. §3803(a)(3) and 75 Pa.C.S.A. §3804(a)(3).
>
> Based upon the aforesaid, this court does not find it necessary to extensively elaborate or analyze the time in which and the reasons for which a court may modify a sentence, including a sentence that is illegal, as this court finds that as of July 10, 2023, the sentence imposed by the court was legal and proper and as of February 20, 2025 the sentence entered by this court on July 10, 2023 remains a legal sentence notwithstanding what has transpired with [Draucker] in Jefferson County, Pennsylvania [regarding the 2023 conviction] since July 10, 2023 but more importantly since [June] 27, 2024 following the decision by the Pennsylvania Superior Court as referenced hereinabove, namely [Draucker] has again [pled] guilty and been sentenced in Jefferson County, Pennsylvania [for the 2023 conviction].

PCRA Court Opinion, 2/20/25, at 3-4 (excess capitalization omitted; paragraph break added).

While we agree that Draucker's claim does not entitle him to post-conviction relief, we affirm the PCRA court's order on a different basis. **See Commonwealth v. Kennedy**, 151 A.3d 1117, 1127 n.14 (Pa. Super. 2016) (explaining that this Court may affirm on any basis).

In order to be eligible for relief under the statute, a PCRA petitioner must have been "convicted of a crime under the laws of this Commonwealth and is at the time the relief is granted . . . currently serving a sentence of imprisonment or probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, a petitioner becomes ineligible for relief under the PCRA regardless of whether he was serving his sentence when he filed the petition. **Commonwealth v. Williams**, 977 A.2d 1174, 1176 (Pa. Super. 2009). Significantly, eligibility for relief under the PCRA is offense specific; thus, whenever a petitioner is no longer serving a sentence for the crime at issue, he is no longer eligible for relief from that conviction. **See Commonwealth v. Smith**, 17 A.3d 973, 904 (Pa. 2011) (concluding challenges to convictions for lesser crimes were not cognizable under the PCRA because, although the appellant was still serving a death sentence for murder, sentence for the other lesser crimes had expired).

Here, Draucker's parole for his 2023 Elk County DUI conviction ended on July 10, 2025. Therefore, Draucker is no longer serving his sentence and

is ineligible for PCRA relief.  Thus, the PCRA court's order denying Draucker's petition is affirmed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/19/2026